No. 7998.

CRESCENT CITY LIVE-STOCK LANDING & SLAUGHTER-HOUSE COMPANY VS. POLICE JURY, PARISH OF JEFFERSON, RIGHT BANK.

The Appeal will be dismissed when granted from an order dissolving an Injunction on bond and said dissolving order does not work irreparable injury.

An injury is not irreparable when it can be made good or repaired by payment of money.

'The sworn allegation of plaintiff in Injunction, that the act to be enjoined will cause irreparable injury, is not conclusive of the fact and does not deprive the judge who granted the Injunction, of all discretion in dissolving it on bond.

APPEAL from the Twenty-Sixth Judicial District Court, parish of Jefferson. *Hahn*, J.

---

Robert Mott, S. L. Gilmore and T. J. Semmes for Plaintiff and Appellant.

First—To determine whether an appeal will lie from an order dissolving an injunction on bond, under article 307 C. P., the Court is compelled to consider whether the order be erroneous.; if it be, the appeal lies.

Second—The order allowing the injunction in this case to be set aside on

bond was erroneous : First. Because plaintiff had alleged and sworn that the act prohibited would work it irreparable injury. Second. The facts, as set forth in the petition, show that the act prohibited would work plaintiff irreparable injury. Third. The injury that the act prohibited would cause plaintiff is not one which can be wholly computed in dollars and cents.

Third—An appeal will lie from an interlocutory order where the final decree on appeal cannot place the party where he stood before the interlocutory order complained of was granted.

Fourth—On a motion to set aside an injunction on bond the allegations of the petition are to be taken as true.

J. Fisk and Chas. Louque for Defendant and Appellee.

---

The opinion of the Court was delivered by

Todd, J. The plaintiff enjoined the defendant from granting permission to any one to establish a slaughter-house in the parish of Jefferson, alleging that such a grant of authority would be in violation of the rights, given them under their charter, to the exclusive privilege of slaughtering animals for market in said parish. It was further alleged that such action on the part of the police jury of Jefferson would cause the plaintiff a manifest " and irreparable injury of fifteen hundred dollars and upwards."

This injunction was set aside by the order of the judge who granted it, on the application of the defendant in injunction, upon the execution of a bond for six thousand dollars. From this order the plaintiff appealed.

The defendant has moved the dismissal of the appeal on the ground that the order appealed from was an interlocutory one that could not cause an irreparable injury, and that, therefore, no appeal from the same would lie. This is the sole question presented.

Article 307 of the Code of Practice provides, that " where the act prohibited by the injunction is not such as may work an irreparable injury to the plaintiff, the court may in its discretion dissolve the same, provided the defendant execute his obligation for such sum as the court may determine, according to the nature of the case," etc.

Does the dissolution of the injunction on bond in this case work an irreparable injury to the plaintiff?

As a general rule no injury can be considered irreparable where the damage or loss caused by the act complained of can be made good or repaired by the payment of money, or where the party complaining may be fully reinstated in the position which he may have lost by the act complained of.

There are many injuries which, in the very nature of things, cannot be repaired by any money consideration. Such, for instance, as result from acts which outrage the feeling and wound the sensibilities, or deprive us of objects of affection and of things, perhaps trivial in themselves, but of inestimable value by reason, solely, of being associated with some precious memory or touching incident of our lives. Or, it may be that the maintenance if the writ is required to preserve to us our homes, and to establish us in a state or condition which lost for the moment can never be recovered, nor the loss atoned for by money. In all this class of cases the injunction should be maintained because the injury from its dissolution would be irreparable. But the legal prohibition does not extend beyond this.

We have examined the pleadings carefully, and likewise the authorities cited by the plaintiff's counsel, and we cannot discover that the plaintiff could possibly suffer such loss by the threatened act as money could not replace; and we are led the more naturally to this conclusion by the reflection that if the authority objected to is granted by the police jury, that but little progress could be made in the threatened works before the case could be tried on its merits.

The contemplated act on the part of the police jury of Jefferson may be in derogation of plaintiff's chartered franchises. On this point we express no opinion. There is no question, however, that but for this alleged infringement of the plaintiff's rights by the act in question, the entire subject-matter connected with the proposed grant of authority for the construction of a slaughter-house, would lie entirely within the province and discussion of that body. This consideration of itself would make us hesitate to interfere with the exercises of such authority unless, within the plain intendment of the law, the act done or contemplated would work irreparable injury to the plaintiff. Nor do we consider that the mere allegations in the petition, sworn to though they be by the plaintiff, that the act in question would cause such injury, is conclusive on the subject, and deprived the judge *a quo* of all the discretion in the matter touching the dissolution of the injunction. We think that discretion was legitimately exercised in this case.

The motion to dismiss must, therefore, prevail, and the appeal is dismissed with costs.

### ON APPLICATION FOR A REHEARING.

BERMUDEZ, C. J. The injunction obtained, and which was dissolved on bond, was intended to prevent the defendant from passing any resolution, or granting any permission, to erect slaughterhouses in the parish of Jefferson.

Crescent City Live-Stock Landing & Slaughter House Company vs. Police Jury.

The question presented was, shall or not the defendant be enjoined from passing such resolution and granting such permission.

*Prima facie*, the lower Court, considering the oath, that the doing of either, or both of such acts, would cause the plaintiff an irreparable injury, granted the preliminary injunction, but, when the defendant moved to dissolve it on giving bond, the Court reviewed its previous decree, and, decreeing that the commission of the acts enjoined could not work irreparable injury, allowed the dissolution on bond.

From this dissolving order the plaintiff took a *suspensive* appeal, reiterating that the commission of the acts would cause an irreparable injury.

We are at a loss, notwithstanding the sworn averments in the petition, to perceive how an injunction can lie to prevent a municipal organization from passing a resolution, or giving a permission ; and even were such resolution passed or permission granted, we fail to realize how the plaintiff could be injured at all by such action. *Non constat* that the police jury, contrary to the fears or apprehensions of the plaintiff, will not refuse or abstain from passing the resolution or giving the permission. Whatever may be the action of the police jury in the premises, it can in no way affect the rights of the plaintiff, if any, when the proper time shall arrive for asserting them.

The test of the right of a court to grant the dissolving order is whether, from the allegations of the petition, taken for true, it appears that the act, the commission of which is feared, would, if accomplished, be susceptible of causing an irreparable injury.

It is not because a petitioner swears he fears that the act will be done, that if it be not prevented and be committed, he will sustain an irreparable injury, that an injunction must be allowed. The Court is required to consider the nature of the act apprehended and sought to be enjoined, and in the exercise of a sound discretion is to determine judiciously. It must be satisfied not only of the correctness, but of the *sufficiency*, of the sworn allegation, and it is not until satisfied of both that it should grant the remedy sought.

If the matters be contradictory, improbable, impossible, insufficient to justify the averment of irreparable injury, the Court is not concluded by the sworn averment. If a petitioner swear that he apprehends that the defendant will make a square circle, and that by the making thereof he will sustain an irreparable injury, and apply for an injunction, the Court, notwithstanding verification by oath of the allegation in the petition, would certainly be justified in refusing the remedy.

We have given our attention to the authorities quoted by the plaintiff's learned counsel, and far from overruling them, expressly

affirm them as correct. But they have no applicability to the case before us.

It is well settled by jurisprudence in accord with law and reason, that no appeal lies from an order dissolving an injunction on the execution of a bond by defendants, in compliance with Art. 307 C. P., where the facts of the case show, as found in the petition, that the dissolution can work no irreparable injury to plaintiff. 2 A. 321 : 4 A. 147 ; 28 A. 649.

To determine whether an appeal lies from an order dissolving an injunction under Art. 307 C. P., the Court is compelled to consider whether the order is erroneous ; if it be, the appeal lies ; if it be not, the appeal will be dismissed. The discretionary power to dissolve the injunction exists only when the act prohibited is not such as may work an irreparable injury. 14 A. 57.

The erroneous exercise of that discretion in unfettering an act not irreparably mischievous does not give to the plaintiff in injunction a right to a suspensive appeal from the dissolving order, under the express terms of Art. 566. In such a case the necessary consequence of dismissing the appeal is the reversal of the order granting the injunction *e converso*. 14 A. 57.

The averments of the petition disclose a clear case of prematurity of complaint.

It will be time enough for the plaintiff to apply for an injunction upon a sworn averment of proper facts, if, *after* the police jury will have passed the resolution, or given the permission, some party assumes to act upon that resolution and permission.

For the determination of the motion to dismiss an opinion necessarily had to be expressed, not upon the merits, for none as yet exist, but upon the sufficiency of the sworn averment to justify the injunction. If the allegations, though sworn to, do not warrant the injunction issued, it irresistibly follows that the order dissolving it on bond was properly made under art. 307 C. P., and that if it was so made, a suspensive appeal from it to prevent a dissolution of the injunction should not be countenanced ; otherwise it would be permitting the continuance in force of an injunction which, on the face of the papers, issued illegally, and preventing a defendant from doing acts which it may have the right of doing, and which, when consummated, can in no conceivable manner, work any injury whatever to the plaintiff, as long as no steps are attempted to carry out the resolution or permission.

" We think that the danger apprehended is too remote and too contingent to form the basis of a proceeding in court to avert it. Courts of justice have enough to do in dealing with real, existing and present wrongs, without anticipating and combating hypothetical evils

of the future that may or may not arise. There are too many contingencies at present between them and danger to justify them in resorting to law." 29 A. 272.

We consider with the plaintiff's learned counsel that our ruling on the motion to dismiss virtually, unavoidably disposes of the case, which practically stands before us in the same attitude as it would occupy on an exception to the action. It is better that the litigation should end here than be unnecessarily prosecuted any further. 14 A. 57. We adhere to our previous opinion.

Rehearing refused.