## No. 8111.

### WM. C. HARRISON ET AL. VS. CITY OF NEW ORLEANS ET AL.

An Injunction does not lie to restrain a municipal Corporation from passing an Ordinance. The Petition of Plaintiff applying for the Injunction disclose no cause of action.

APPEAL from the Civil District Court, parish of Orleans.    *Tissot,* J.

*W. S. Benedict* for Plaintiffs and Appellants.

*Kennard, Howe & Prentiss* for the Railway Company, Defendant and Appellee:

First—It is elementary that no action lies to enjoin the mere passage of an ordinance by a municipal corporation. Such an ordinance can do no injury, in a legal sense, much less any irreparable injury.

Second—The petition at bar present a case where the plaintiffs are undertaking illegally to interfere with municipal legislation and administration in a matter peculiarly within the province of the City Council, under the powers delegated to it by the Legislature of the State. A railway is an improved public highway. Jones on Railroad Securities, sections 99, 159, 227, 228, and cases cited; 30 An. 987; 19 Wall. 666. The law gives the defendant company the right to pass through streets. Acts 1876, p. 31. The question as to methods under this grant, if any further consent be required, rests with the Common Council. The streets are public things, the title being in the public, or in the city for public use. 4 Martin, 97; 1 An. 128; Dillon Munc. Corp., sections 514, 555, 556; 13 La. 326. And the right of the Legislature and the city to prescribe methods of using the streets, whether by floats, timber-wheels, processions, funerals, or cars is undoubted. 26 An. 529; Dillon, sections 555, 556, and notes; 21 Pa. State, 169.

*C. F. Buck,* City Attorney, on same side.

---

The opinion of the Court was delivered by

Todd, J. The plaintiff sued out an injunction against the Mayor and Administrators of the City of New Orleans and Common Council thereof to restrain them from passing or voting upon any ordinance " concerning the right of way to the New Orleans Pacific Railroad Company, or any

company, to lay or erect tracks upon Thalia street, from Claiborne street to the levee, or authorizing said tracks to be laid in said streets.

The defendants excepted, on the ground that the petition disclosed no cause of action, which exception was sustained, the suit dismissed and injunction dissolved.

From this judgment the plaintiffs have appealed.

The judgment of the Court a qua is correct.

In a recent case, decided by this Court, Slaughterhouse Co. vs. Police Jury of Jefferson, Opinion Book 53, folio 546, we held, that no injunction would lie to restrain a municipal corporation from passing or voting on any ordinance. In fact, this principle is elementary. Municipal corporations are clothed with legislative power, to be exercised according to their discretion, with reference to all subjects pertaining to their administrative functions. To allow them to be impeded or restrained in the exercise of these powers, at the will or caprice of any one who may believe that such or such act or ordinance might prove injurious to him, would interfere seriously with and completely disarrange the administration of the government of a city or other municipal corporation.

Besides, injunctions are designed or intended to prevent actual or impending injuries, and prohibit acts from which such injury, loss or damage must inevitably result.

In this case *non constat* that the city will ever pass the apprehended ordinance. If it is passed, *non constat* that the railroad company, or companies, will ever accept its terms, or exercise the privilege or franchise granted.

The mere voting on or passing the ordinance in question cannot *per se* do the plaintiff any possible injury. It will be time enough to complain, if it be a subject for complaint, when steps are taken, or a beginning made, to put the ordinance into actual execution.

The judgment appealed from is affirmed with costs.