W. S. POPPLETON, APPELLEE, V. FRANK E. MOORES ET AL.,
APPELLANTS.*

FILED NOVEMBER 20, 1901.   No. 10,450.

Commissioner's opinion, Department No. 1.

1. **Ordinance:** OMAHA WATER COMPANY: EXTENSION OF FRANCHISE:
POPULAR VOTE: CONSTITUTION. An ordinance extending from
June 11, 1900, to September 1, 1908, the right of the Omaha
Water Company to exercise its franchise free from the city's
option to purchase, without compensation to the city, and with-
out submission of the question of such extension to a popular
vote, is forbidden by section 19, chapter 12a, Compiled Statutes,
1897.

2. ———: EXTENSION OF FRANCHISE: LEGISLATIVE POWER: INJUNCTION.
An extension of a franchise, though made in the form of an
ordinance, is not such an act of legislative power as to be free
from interposition of the courts by injunction, where such ex-
tension is clearly contrary to the city's statutory charter, and
is liable to operate to the prejudice of taxpayers and water-
users.

APPEAL from the district court for Douglas county.
Heard below before SCOTT, J.   *Affirmed.*

*W. J. Connell* and *James H. Adams,* for appellants.

*Weaver & Giller, contra.*

Argued orally by *Connell,* for appellants, by *Weaver,*
*contra.*

HASTINGS, C.

A somewhat careful examination of this case seems to
reveal but one question in it, viz., has a taxpayer and
water-user a right to enjoin the mayor and city council
from passing an ordinance postponing a city's right to
purchase at an appraised valuation the plant of a water-
works company furnishing it water under an exclusive
franchise?   By the terms of its franchise the water-works

*Rehearing allowed.

company of the city of Omaha was subject, after twenty years from June 11, 1880, to have its plant taken at any time by the city upon a valuation to be made by three engineers, one to be selected by the city, one by the water company, and these two to choose a third. In 1897, a proposition was made by the company to furnish water for the exposition, if the city's right to purchase were postponed to September 1, 1908. An ordinance providing for such postponement by means of amendment of the original ordinance was introduced into the city council, was referred to a committee, and was reported upon without recommendation by a majority of that committee, but unfavorably by a minority, and was pending for passage when by the interposition of an injunction in this action its further consideration or passage were prevented. A temporary injunction was allowed against the passage of the ordinance; against in any way adopting the proposition of the water company embodied in it; against passing any ordinance, resolution or proposition which would to any extent embarrass, curtail, weaken, put off or change the right of the city to buy the water plant or get it by exercise of eminent domain after June 11, 1900. At the trial of the case the injunction was made perpetual, and the defendants appeal. The questions raised are simply as to the sufficiency of the allegations of plaintiff to authorize the action of the court. There seems to be no issue of fact in the pleadings. The only one attempted to be raised is the legal one as to whether or not the water company is a necessary party.

It is claimed that the proposed action of this city council should be enjoined, because it cedes away future powers of the city; because the right to acquire the water plant by exercise of eminent domain was not reserved; because the city would be disabled from performing its duty of control over the water plant and its power to purchase would be lost, an exclusive franchise of great value would be given away; that all of the belongings of the water company were worth less than $3,000,000, but it was proposed

on the passage of this ordinance to issue stock and mortgage bonds for $10,250,000; that there was no compensation for the extension; that water prices and hydrant rentals were extortionate and would be continued; that no opportunity for competition was allowed; that it was a fraud upon the taxpayers and water consumers; that it would pass unless enjoined; that such action by the council was unauthorized, would cause irreparable injury and was fraudulent and in violation of sections 19 and 135 of the city's charter (Compiled Statutes, ch. 12a); that such extension of the franchise was unlawful under the terms of section 19 of the charter; that it would prevent the purchase of the water plant, and that the water company, if improvements were made under the ordinance, would claim an estoppel against the city.

The important objection to the ordinance itself seems to be that its passage is a palpable violation of the provisions of section 19 of the charter of metropolitan cities. The last clause of section 19 reads: "No new franchise shall hereafter be granted, nor any extensions of franchises heretofore granted be lawful unless an annuity to the city be provided, based upon either a fixed reasonable amount per year, or a percentage on the gross earnings of the owners of said franchise, nor until a proposition for the same has been submitted to a vote of the electors of the city at a general city election or a special city election called for that purpose, and to carry such a proposition it shall require a majority of the electors voting at such election." Compiled Statutes, ch. 12a. It is not seriously contended that the proposed action was not in violation of this provision, but it is contended that such action, however unauthorized, can not be prevented by an injunction. It is claimed that the authority of the city council is legislative, and that a court of equity will not interfere with it. It is urged, and numerous authorities cited to sustain the proposition, that the utmost that can be done is to enjoin attempts to enforce invalid ordinances, and that any attempt on the part of a court of equity to control action

merely legislative is without jurisdiction. It is also asserted that the proof fails to disclose that the defendants were about to pass the ordinance, and fails to disclose any damage which would result to plaintiff in any capacity, either as taxpayer or water-user, by reason of its passage. Counsel admit that this court, in *Wabaska Electric Co. v. City of Wymore,* 60 Nebr., 199, has held that city authorities may be enjoined from adopting an ordinance entirely beyond the power of the city board. "And while, as is thus shown, equity will not enjoin the action of municipal corporations while proceeding within the limits of their well-defined powers as fixed by law, it has undoubted jurisdiction to restrain them from acting in excess of their authority and from the commission of acts which are ultra vires." 2 High, Injunctions, sec. 1241. Where the extension of a franchise is expressly prohibited, except upon condition of providing an annuity for the city and submitting the question of its extension to a vote at a general or special city election, it would seem that an attempt to extend it without complying with such conditions would be an act entirely beyond the power and jurisdiction of the council. The question as to equitable interposition depends simply upon whether it is needed; whether the mere passage of an ordinance or resolution extending a franchise without authority imports such an injury that without special proof of damage a citizen, taxpayer and water-user might have a remedy by injunction. It is urged that if the action is unauthorized, it is void; if authorized, it is valid; and in either event, that there can be no injunction. It must be conceded that no special damage, as distinguished from public wrong, is shown in this case. It must be conceded that the only action complained of is the taking of steps to pass an ordinance, and the only thing enjoined against is the passage of an ordinance, which involves the acceptance of the water-works company's proposition. It hardly seems, however, that this is or can be treated as simply a legislative act. It is in fact an act entering into a new contract with the water com-

pany. It is not by any means simple legislation. The allegations as to the manner in which plaintiff will be affected by it seem amply to disclose such an interest as a court of equity should protect against an unauthorized action of municipal authorities. It involves at least a possible, if not a certain, maintenance of water rates and an embarrassment of one remedy if rates are oppressive. It is undoubtedly true that as against mere legislation a court of equity will not interfere. 2 High, Injunctions, sec. 1246; *Harrison v. City of New Orleans,* 33 La. Ann., 222, 39 Am. Rep., 272; *New Orleans Waterworks Co. v. New Orleans,* 164 U. S., 471, 41 L. Ed., 518; *Crescent City Live-Stock Landing & Slaughter-House Co. v. Police Jury of Parish of Jefferson,* 32 La. Ann., 1192; *People v. Mayor of City of New York,* 32 Barb. [N. Y.], 35; *Warwick v. Mayor of City of New York,* 28 Barb. [N. Y.], 210; *City of Chicago v. Evans,* 24 Ill., 52; *Murphy v. Town of East Portland,* 42 Fed. Rep., 308; *Montgomery Gas-Light Co. v. City of Montgomery,* 87 Ala., 245, 4 L. R. A., 616; *Des Moines Gas Co. v. City of Des Moines,* 44 Iowa, 505; *Meredith v. Sayre,* 32 N. J. Eq., 557; *Lewis v. Denver City Waterworks Co.,* 19 Colo., 236; *Johnson v. Cincinnati,* 26 Week. Law B., 223; *Alpers v. City of San Francisco,* 32 Fed. Rep., 503. Where, however, as in this case, the proposed action on the city's part involves the entering into, or, rather, continuing in, contractual relations materially affecting the interests of citizens, and is an extension of a franchise not only unauthorized, but forbidden, by the city charter, it would seem to warrant the trial courts interposing by injunction. *People v. Sturtevant,* 9 N. Y., 263, 59 Am. Dec., 536. The upholders of the ordinance can hardly argue with consistency that the proposed action is so entirely void as to need no injunction to prevent its effects.

It is therefore recommended that the judgment of the district court be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.