(45 South. 433.)

No. 16,673.

STATE v. LEWIS.

(Jan. 9, 1908.)

CRIMINAL LAW—NEW TRIAL—REFUSAL—APPEAL—REVIEW.

Appellant complains that the trial judge refused to act on a motion for a new trial which he offered, and refused, also, to allow the motion to be filed and made part of the record on the ground that the motion was made too late. The judge erred. He should have allowed the motion to be filed, and should have acted on it. The utmost effect of the error would be to set aside the judgment and remand the cause, with direction to the trial judge to act on the motion. Appellant should have taken a bill of exceptions to the course taken by the judge and annexed to it the motion for a new trial. Appellant had an opportunity to have shown prejudice as well as error, and should have done so.

(Syllabus by the Court.)

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupée; Louis Bingaman Claiborne, Judge.

Henry Lewis was convicted of manslaughter and appeals. Affirmed.

Claiborne & Kearney, for appellant. Walter Guion, Atty. Gen., and Albin Provosty, Dist. Atty. (Lewis Guion, of counsel), for the State.

NICHOLLS, J. Henry Lewis was indicted jointly with two others for murder. He obtained a severance, and was tried separately and convicted of manslaughter on the 3d of May, 1907.

On the 8th of May, with leave of the court, he filed a motion praying for delay in which to secure affidavits of witnesses to attach to his motion for a new trial on the ground of newly discovered evidence.

On May 13th the motion for delay was fixed for the 16th of May, but was passed to the 18th, at which time it was taken up and overruled.

Counsel for accused then asked leave of the court to file a motion for a new trial. The district attorney objected to the filing of the motion on the ground that the motion came too late. This objection was sustained by the court, which refused to allow counsel to file said motion. Defendant reserved a bill, and he was then sentenced.

In the brief filed in behalf of defendant counsel say:

"The court, instead of hearing and considering the motion immediately, and either granting or refusing the delay asked for, assigned it for trial on the 16th of May, thereby granting indirectly a delay from the 8th to the 16th of May. The motion was not called on the 16th, but passed to the 18th, when it was tried and refused, the court giving as its reason that accused had ample time during the pending of the motion to secure witnesses or their affidavits. We immediately offered to file motion for a new trial accompanied by the proper affidavits, which we stated to the court we had secured during the delay indirectly granted.

"By these proceedings accused was cut off from the right accorded him by law to file his motion for a new trial, because, if the court had granted and fixed the delay, the accused would have secured the necessary affidavits, and, if the court had refused the delay, perhaps the accused before the expiration of the delay could have secured enough of the affidavits of his newly discovered witnesses to attach to his motion for a new trial in order to entitle him to the same. By fixing the motion for delay for the 16th, and also passing it to the 18th of May, accused and his counsel were induced to believe, and correctly so, that they did not have to file the motion for a new trial and to secure the affidavits in support thereof until the 18th of May, when the motion for delay was disposed of. The court erred in sentencing accused, and in refusing to entertain the motion for a new trial. He should have tried the motion, and either granted or refused the new trial. Under the circumstances we were in time with our motion for a new trial. We pray that the judgment and sentence be annulled and reversed, and that the cause be remanded, with instructions to examine and decide the motion for a new trial."

Defendant does not annex the bill of exceptions which he reserved to the refusal of the judge to allow him to file a motion for a new trial, the original of the motion which had been so offered to be filed together with the affidavit which he says accompanied the same.

We have repeatedly said that when an accused complains of some action taken by the ruling of the trial court which he claims was prejudicial to him, and he has an op-

portunity of showing later to this court on appeal that such action was in point of fact prejudicial, he should avail himself of such opportunity to satisfy us that he has been really prejudiced by the court's action. We think the court should have permitted the filing of the motion for a new trial, even though it should have been at once denied and refused. The motion with its affidavits would in that way have become part of the record and enabled the appellate court to come to a knowledge of the exact situation. When the court refused to allow the motion to be filed, defendant should have annexed the same to the bill of exceptions, which he reserved, so as to enable us to ascertain whether the refusal to allow the filing was error such as should carry with it a reversal of the judgment and a remanding of the case for the purpose of having the motion for a new trial considered and passed on. With matters left as defendant has left them, we do not think he has made such a showing as would warrant us in acceding to the prayer of the accused that we should set aside the judgment and remand the case. Defendant does not declare in his bill of exceptions that he informed the court when he offered to file a motion for a new trial that affidavits were attached thereto; on the contrary, he left the court to infer that he was then asking for a delay in order to obtain them.

The judgment is therefore affirmed.