JOSEPH W. DUNKIN, APPELLEE, v. E. B. BLUST ET AL., TRUSTEES, APPELLANTS.

FILED DECEMBER 17, 1908.    No. 15,555.

1. **Municipal Corporations: IMPLIED POWERS: JAILS.** The power of a village to build a jail is necessarily and fairly implied from and incident to the power expressly granted the village to enforce its ordinances by fine and imprisonment.

2. **Nuisance: JAILS.** A village jail properly constructed and suitably situated, is not *per se* a nuisance.

3. **Municipal Corporations: UNAUTHORIZED EXPENDITURES: INJUNCTION.** The making and publication of the estimate of expenses required by section 87, art. I, ch. 14, Comp. St. 1907, should precede the appropriation of money for village purposes; and the village board will be restrained from proceeding with an expenditure without such estimate upon the timely application of a taxpayer.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed as modified.*

*R. M. Thompson* and *W. H. Thompson,* for appellants.

*W. D. Oldham* and *H. M. Sinclair, contra.*

CALKINS, C.

The plaintiff is a citizen and taxpayer, and the defendants are trustees of the village of Ravenna. This action was brought to restrain the defendants from constructing a village jail upon lots owned by said village, upon the grounds: First, that the village had no express or implied power to build a jail; second, that the lots upon which the defendants proposed to erect the jail had been set apart for a park and for that reason the village was without authority to build the jail at that place; third, that the

jail, when built, would be a nuisance, and an irreparable injury to the plaintiff, who owned an adjoining lot; fourth, that no appropriation of funds to defray the expense' of constructing such jail had previously been made, and that no estimate of the expense thereof had been made and published as required by the charter act governing said village. There was a trial to the court, a general finding for the plaintiff, and a judgment perpetually enjoining the defendants from constructing said jail. The defendants appeal.

1. No specific power in the village to construct a jail is pointed out; but the charter imposes upon the board of trustees the duty of maintaining the peace, good government and welfare of the village, its trade, commerce and manufactures, and power to enforce its ordinances by fine and imprisonment. It is urged that the power to maintain a jail is necessary to the exercise of such specifically granted powers. It is a general principle that a municipal corporation possesses and can exercise, in addition to the powers expressly granted, such powers as are necessarily and fairly implied in or incident to powers expressly granted. The plaintiff, while conceding that it is necessary for a village to have some place for the confinement of such persons as may be liable to imprisonment under the ordinances thereof, points out section 73 of the charter (Comp. St. 1907, ch. 14, art. I) which provides that any city or village shall have the right to use the jail of the county for the confinement of such persons as may be liable to imprisonment under the ordinances of such city or village, and argues that this provision obviates the necessity for the construction of a jail by said village. Evidence in this case shows that this village is situated 30 miles by wagon road from the county seat, and with no direct communication by rail; that it is a division station of the Chicago, Burlington & Quincy Railway Company, and has a population of more than 800 people. It is plain that the necessity for a village jail is

9

not obviated by the right to use the county jail situated more than 30 miles away. We think, under the rule above quoted, the power in this village to erect a jail is necessarily and fairly implied from and incident to the power to enforce its ordinances by fine and imprisonment.

2. There was no evidence to support the allegation that the lots upon which it was proposed to erect the village jail had been set aside for a park. On the contrary, it appears that a building for the manufacture of gas by the village, and a building in which to store the hose for fire protection, had already been placed upon these lots, and that the site was not unsuitable for the erection of the proposed jail. We do not think that a village jail is *per se* a nuisance, and there was no evidence to show that it was likely to become such. *Wehn v. Commissioners of Gage County,* 5 Neb. 494.

3. We are satisfied that no estimate nor appropriation was made which complied with the provisions of sections 86, 87, art. I, ch. 14, Comp. St. 1907. The evidence shows that the estimate of expenditures thereof, and the ordinance appropriating money for the construction of such jail were both passed on the 3d day of June, 1907, and were not published the first time until the 7th of the same month. The petition in this action was filed on the 4th, and the summons served on the defendants the 5th of the same month. It will therefore be seen that at the time of the commencement of the action the trustees had not complied with section 87, *supra,* which provides that, before the annual appropriation bill shall be passed, the trustees shall prepare an estimate of the probable amount of money necessary for all purposes to be raised in said village, and enter the same at large upon its minutes, and cause the same to be published four weeks in some newspaper published or of general circulation in the city or village. The plaintiff cites the case of *City of Plattsmouth v. Murphy,* 74 Neb. 749, and this case, with the cases cited in the opinion, is authority for the doctrine that the provision for the appropriation is mandatory, and

therefore essential to the validity of contracts made or obligations entered into by the village involving the expenditure of funds so appropriated. The question whether the failure to make and publish the estimate before the appropriation invalidates the latter has not been determined in any of the cases brought to our attention. The purpose of the statute requiring such estimate to be made and published before the passage of the annual appropriation bill is to give publicity to the intention of the trustees concerning expenditures to be made for the coming year. It is not necessary to, and we do not, determine whether the failure to make such estimate prior to the passage of the appropriation ordinance, would invalidate executed contracts, or relieve the village of liability for expenditures of which it had received the benefit; but we think there can be no question that, where the trustees undertake to proceed without such estimate, and the taxpayer makes timely application for an injunction to prevent their so proceeding, they should be restrained. There is no other remedy, unless we say that the failure to make the estimate invalidates all expenditures made or contracted under the appropriation. It would then fall within the rule stated by Dillon, J., in 2 Dillon, Municipal Corporations (4th ed.), section 922, that "the proper parties may resort to equity, and equity will, in the absence of restrictive legislation, entertain jurisdiction of their suit against municipal corporations and their officers when these are acting *ultra vires,* or assuming or exercising a power over the property of the citizen, or over corporate property or funds, which the law does not confer upon them, and where such acts affect injuriously the property owner or the taxable inhabitant." In either case injunction is the proper remedy. *Poppleton v. Moores,* 62 Neb. 851; 67 Neb. 388.

We therefore recommend that the judgment of the district court be modified so as to enjoin the defendants from constructing such jail, upon the ground that no proper estimate and appropriation had been made at the time of

the commencement of the action, and that, so modified, the judgment be affirmed.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is modified so as to enjoin the defendants from constructing said jail, upon the ground that no proper estimate and appropriation had been made at the time of the commencement of this action, and, so modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.