LINCOLN COMMERCIAL CLUB, APPELLEE, v. MISSOURI PACIFIC RAILWAY COMPANY, APPELLANT.

FILED MAY 3, 1919. No. 20284.

1. **Carriers:** ORDER OF STATE RAILWAY COMMISSION: REVIEW. This court will not reverse the order of the state railway commission, on appeal, unless it is found to be clearly unreasonable. Rev. St. 1913, secs. 6127, 6128.

2. ———: SWITCHING CHARGES: DISCRIMINATION. Where unjust discrimination arises as between individuals or localities, by reason of the absorbing of switching charges in certain instances and not in others under like circumstances and conditions, the carrier may be required to remove the discrimination by a change in tariff schedule eliminating the charge.

APPEAL from State Railway Commission. *Affirmed.*

*J. A. C. Kennedy, Max V. Beghtol* and *E. S. White,* for appellant.

*John J. Ledwith, contra.*

CORNISH, J.

The defendant, under its tariff No. 4778, absorbed the switching charges of carload shipments in and out of Lincoln, arising at or destined to what it designates as competitive points on its line. When, however, the shipment arises at or is destined to stations reached exclusively by the defendant (except in the case of

brick and lime shipments), it refused to absorb such switching charges. The state railway commission found such charge to be unjust, discriminatory, and unreasonable, and ordered the cancelation of that portion of the tariff so providing. The defendant appeals.

It appears that the Burlington, Northwestern, and Rock Island railroads make provision for the absorption of such switching charge. A shipper at Lincoln, having a warehouse located upon the tracks of these last-mentioned roads, is thus put to a disadvantage in competition with one whose warehouse is upon defendant's track. The producer shipping from a noncompetitive point is put to a disadvantage in competition with another producer at a point not reached exclusively by the defendant, although the circumstances and conditions may be otherwise the same.

This court will not reverse the order of the railway commission unless it is found to be clearly unreasonable. Rev. St. 1913, secs. 6127, 6128; *Chicago, R. I. & P. R. Co. v. Nebraska State Railway Commission*, 85 Neb. 818. We are of opinion that the order herein is not of that character. The charge made by other roads for the service and the charge made by the defendant in the case of brick and lime shipments are by statute made *prima facie* evidence of what is a reasonable charge. Argument is not needed to show that the charge, as it affects the patrons of the road, is discriminatory in its effect.

The contention of defendant that the order is confiscatory in its nature is not sustained by the evidence. The separate incomes of freight and passenger traffic and between state and interstate business were not shown. In any event, the discrimination complained of should be avoided.

The order appealed from was in existence prior to the time of the president's proclamation by which the control of the railroads was taken over by the general government. We are of opinion that the situation in

that respect ought not to cause a reversal of the order. *Chicago, W. P. & S. R. Co.*, 37 I. C. C. 408, 415; *Union P. R. Co. v. Updike Grain Co.*, 222 U. S. 215; *National Dock & Storage Warehouse Co. v. Boston & M. R. Co.*, 38 I. C. C. 643; *Manufacturers & Merchants Ass'n v. Aberdeen & A. R. Co.*, 24 I. C. C. 331; *Bennett & Son v. Chesapeake & O. R. Co.*, 38 I. C. C. 310; *Corporation Commission of Virginia v. Chesapeake & O. R. Co.*, 40 I. C. C. 24.

AFFIRMED.