324

IN RE APPLICATION OF NEBRASKA POWER COMPANY,
NEBRASKA POWER COMPANY, APPELLEE, V. OMAHA
ICE & COLD STORAGE, INC., APPELLANT.

23 N. W. 2d 312

Filed May 31, 1946. No. 32116.

Chambers & Holland, for appellant.

Fraser, Connolly, Crofoot & Wenstrand and W. H. Wright, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This is an appeal by the Omaha Ice & Coal Storage, Inc., from an order of the Nebraska State Railway Commission after hearing had on application No. A-16266 of the Nebraska Power Company of Omaha, Nebraska, wherein the commission granted it authority to issue and sell its serial notes in the principal amount of $7,000,000, to be dated as date of issuance thereof which would not be later than

September 1, 1945, and to issue and pledge as collateral security for its said notes, its bonds in the principal amount of $7,000,000, the purpose being to retire its outstanding preferred stock. The commission overruled the objections of the Omaha Ice & Cold Storage, Inc., which challenged the jurisdiction of the commission over the subject matter contained in the application. From this order of the commission the Omaha Ice & Cold Storage, Inc., appealed.

For convenience, the Omaha Ice & Cold Storage, Inc., will hereinafter be referred to as appellant, the Nebraska Power Company as appellee, and the State Railway Commission as the commission.

The case is before this court upon the appellee's motion to dismiss the appeal. The motion, in substance, is as follows: (1) The appellant has no such interest in the subject matter involved as to legally warrant or justify an appeal by it; (2) the appellant is not aggrieved and will not be affected in any way by any order entered either affirming or reversing the order of the commission with reference to the subject matter of the objections filed by it; (3) the objections of the appellant raise solely the question of the jurisdiction of the commission over the subject matter of the application filed by the appellee, and a determination of such question, insofar as the appellant is concerned, amounts only to an abstract question of law in nowise affecting substantial rights of the appellant; and (4) the issues, as indicated by the transcript, involve only the question of jurisdiction of the commission, and a determination of the same will not affect property or other rights of either the appellant or the appellee.

The objections filed by the appellant to the application of the appellee before the commission, insofar as need be considered here, object to the jurisdiction of the commission over the subject matter, alleging that appellant is a large consumer of electric energy in the city of Omaha, and a customer of the appellee.

The appellant, in its brief, states the question before this court to be, whether or not a customer of the appellee

has such an interest as will permit an appeal under section 75-405, R. S. 1943.

The appellant sets forth, to show the liberality in making complaint before the State Railway Commission, sections 75-401, R. S. 1943, and 75-411, R. S. 1943, which sections, in the main, have to do with the fixing of rates and discrimination in rates by railroads and other common carriers, notice to be given, hearings thereon and pleadings to be filed, none of which are involved in this appeal.

The appellant cites the case of Lincoln Commercial Club v. Missouri P. Ry. Co., 103 Neb. 504, 172 N. W. 687. This case was brought by the Lincoln Commercial Club as representative of a class of interested persons, and dealt exclusively with discrimination in rates. The court held: "Where unjust discrimination arises as between individuals or localities, by reason of the absorbing of switching charges in certain instances and not in others under like circumstances and conditions, the carrier may be required to remove the discrimination by a change in tariff schedule eliminating the charge."

It is apparent from an analysis of sections 75-401 and 75-411, R. S. 1943, that insofar as the fixing and determination of rates by railroads and other common carriers is concerned, the right to complain, as provided for in such statutory provisions, is broad enough to include a civic club organized for commercial purposes, as in the case of the Lincoln Commercial Club v. Missouri P. Ry. Co., *supra*. However, the question of the right to appeal in the cited case, was not raised in this court. It is therefore apparent, a clear distinction exists between the applicability of the foregoing statutory provisions to the case of the Lincoln Commercial Club v. Missouri P. Ry. Co., *supra*, and the subject matter before this court in this appeal wherein no questions of rates are involved.

We now set forth, in substance, section 75-405, R. S. 1943: "If any * * * person or persons affected thereby, shall be dissatisfied with the decision of the State Railway Commission affirming, revising, annulling or modifying any

rate or rates complained of in the original schedule, or any subsequent schedule, which may be the subject of investigation, or with the decision of the commission with reference to any rate, classification, rule, charge, order, act, or regulation made or adopted by them upon which there has been a hearing before the commission, except as otherwise expressly provided for herein, such dissatisfied * * * person or persons affected may institute proceedings in the Supreme Court of Nebraska to reverse, vacate or modify the order complained of; * * * ."

The appellant cites Poppleton v. Moores, 62 Neb. 851, 88 N. W. 128; 67 Neb. 388, 93 N. W. 747, in support of its contention. The action was brought by a water user and taxpayer to enjoin the mayor and city council of Omaha from passing an ordinance postponing the city's rights to purchase, at an appraised value, the plant of a waterworks company. The right of a citizen to maintain such a suit was among the things objected to. The appellant quotes from the first opinion in the above cited case the following: "The allegations as to the manner in which plaintiff will be affected by it seem amply to disclose such an interest as a court of equity should protect against an unauthorized action of municipal authorities. It involves at least a possible, if not a certain, maintenance of water rates and an embarrassment of one remedy if rates are oppressive."

It will readily be discerned, by an analysis of the cited case, that the proposed action to be taken by the municipality, which was unlawful, would affect the substantial rights of this taxpayer and all taxpayers who were water users of the city.

It is interesting to note that in the second opinion in the cited case, this court held: "Wholly unauthorized action under color of office by municipal authorities, which injuriously affects the interest of a taxpayer and water-user of the city, and for which he has no direct remedy at law, warrants an injunction to protect him." Obviously the case is not in point with the subject matter under consideration in this appeal.

We note the following language in section 75-405, R. S. 1943: "If any * * * person or persons affected thereby, shall be dissatisfied with the decision of the State Railway Commission * * * , such dissatisfied * * * person or persons affected may institute proceedings in the Supreme Court of Nebraska to reverse, vacate or modify the order complained of; * * * ."

The word "affected" is not a word of art, but a word of ordinary English. It is capable of a very large meaning. See 1 Stroud's Judicial Dictionary, (2d ed.) p. 50.

"Affect" means "to act upon; influence; change; enlarge or abridge; often used in the sense of acting injuriously upon persons and things." Black's Law Dictionary, (3d ed.) p. 72. See, also, 1 Bouvier's Law Dictionary, Rawles, (3d ed.) p. 158.

"The word 'affect,' as applied to such parties as a reversal of a judgment would affect, means adversely affect." 2 Words and Phrases, (Permanent ed.) p. 634.

"Adverse" means having opposing interests; having interests for the preservation of which opposition is essential. See Webster's New International Dictionary, (2d ed.) Unabridged, p. 38.

The word "adversely" means where all parties whose interest may be materially affected by reversal or modification of judgment, are "adversely interested." See 2 Words and Phrases, (Permanent ed.) p. 549.

It is therefore clear that within the contemplation of section 75-405, R. S. 1943, some right of appellant must be adversely or injuriously affected by the order of the commission, either a substantial right, a property right, a pecuniary right, or some right other than merely a general interest common to all members of the public, to warrant institution of proceedings in the Supreme Court as provided in such statute.

We have heretofore mentioned briefly the allegation of the appellant's motion objecting to the jurisdiction of the commission insofar as the same need be considered in determining this appeal. We repeat, in substance, the allega-

tion of such objection more specifically. Appellant alleges that it maintains an ice manufacturing plant and uses from $35,000 to $45,000 worth of electric power and energy at the present rates charged for such service by the appellee, and appellant files this protest on its own behalf and on behalf of all other users of electric power and energy similarly situated. The allegations of the objections do not allege in what manner the appellant would be injured, or in what manner appellant would be affected adversely or injuriously, by the granting of appellee's application. In the absence of any such allegations in the appellant's motion, we must conclude that the appellant has failed to allege that it has any interest in the subject matter here involved. Consequently, the appellee contends that appellant has no right of appeal in the matter, because it has no interest in the subject matter of the action; it is not injured in any way by the order of the commission; no judgment has been rendered against it, and it is not aggrieved by the order permitting the issuance and sale of such bonds.

In view of the foregoing, we conclude that within the contemplation of section 75-405, R. S. 1943, the use of language therein as follows: "If any * * * person or persons affected thereby, shall be dissatisfied with the decision of the State Railway Commission * * * such dissatisfied * * * person or persons affected may institute proceedings in the Supreme Court of Nebraska to reverse, vacate or modify the order complained of; * * * ", means any person or persons who either have a substantial right, a property right, or a pecuniary right that would be adversely or injuriously affected, or some right other than merely a general interest common to all members of the public that would be adversely or injuriously affected as a result of the order of the commission.

As heretofore pointed out, the appellant has failed to allege in its objections that any such rights as hereinbefore set out have been adversely or injuriously affected by the order of the commission.

The law that one not prejudiced by a judgment cannot

obtain a review thereof, and the rule is the same with reference to an order of the State Railway Commission, is so well established in this state that citation of authority in such respect is deemed unnecessary.

For the reasons given in this opinion, the motion to dismiss the appeal is sustained.

MOTION TO DISMISS APPEAL SUSTAINED.