SAMUEL MATTHIS, Plaintiff in Error, *vs.* INHABITANTS OF THE TOWN OF CAMERON, *et al.*, Defendants in Error.

1. *Injunction—Illegal taxation—Who can injoin.*—To prevent illegal action on the part of municipalities, tending to increased taxation, the State, through the Attorney General or Circuit Attorney, or any tax payer of the municipality, may institute a proceeding for an injunction.

2. *Commercial paper—Town warrants.*—Warrants of towns in this State are not commercial paper.

3. *Agent—Judgment obtained by neglect—Liability of principal.*—Mere neglect of an agent or attorney to defend a suit will not discharge the principal from the judgment obtained, unless there was a fraudulent combination or collusion, participated in by the plaintiff.

### *Error to Clinton Circuit Court.*

*J. F. Harwood,* for Plaintiff in Error.

I. Town warrants are not negotiable. (Clark vs. City of Des Moines, 19 Iowa, 199.)

II. A tax payer may maintain a bill in equity for relief against a fraudulent judgment. (Dill. Mun. Corp., 1st ed., §§ 734, 736.)

III. The failure of the officers of the town to answer and defend, when the corporation was sued, was a fraud on the tax payers.

*S. H. Corn,* for Defendants in Error.

I. The petition charged no fraud upon the defendant Cox, and no collusion on his part in obtaining the judgment.

NAPTON, Judge, delivered the opinion of the court.

This was an application at the April Term, 1875, of the circuit court of Clinton county, for an injunction against the corporation called "The Inhabitants of the Town of Cameron," the trustees by name, the treasurer, and one John D. Cox. The plaintiff is a resident citizen and tax payer of said town ; and the grounds, upon which he prays an injunction, as stated in the petition, are substantially as follows :

On the 3d day of July, 1871, the board of trustees, of whom B. C. Stokes was chairman, issued a warrant or order as follows:

"No. 12. The treasurer of the town of Cameron will on the 1st day of January, 1872, pay to the order of Isaac Merchant the sum of two hundred and fifty dollars, out of any money in the treasury not otherwise appropriated. Given at the clerk's office, this 3d day of July, 1871. B. C. Stokes, chairman. Countersigned, J. E. Goldsworthy, clerk." On the back of this warrant were indorsed the names "W. V. McCandless, Isaac Merchant."

Without any authority by law, the board gave this warrant to the payee therein, to aid said payee and others in surveying and locating a certain railroad, which was never built.

This warrant afterwards came into the possession of the defendant, Cox, who, on the 6th of April, 1872, commenced suit on the same against "The Inhabitants of the Town of Cameron." The process was served on Stokes, the then chairman of the board. The said Stokes (the petition alleges), "for the purpose of allowing the plaintiff to obtain a judgment, and in disregard of his official duties as trustee, etc., failed, neglected and refused to inform the board of trustees, that any such suit had been instituted, but allowed such suit to proceed to judgment without any defense."

Judgment by default was rendered, and the final judgment is as follows: "Come now the parties in the above entitled cause, etc., and the plaintiff says he will no further prosecute this suit against the administrator of W. V. McCandless, but voluntarily dismisses the same, and this cause coming on to be heard, etc., the court, after hearing the evidence, etc., finds that the said defendants, The Inhabitants of the Town of Cameron, and Isaac Merchant, are indebted to the plaintiff in the sum of $263.79. It is therefore considered, etc."

The board of trustees, on the 16th of November, 1874, caused to be issued to Silas H. Corn, attorney of said defendant Cox, a certain warrant or order on the treasury of said town of Cameron, for the amount of this judgment, which warrant is still held by said Corn, and said Cox, through his

attorney, is still endeavoring to collect said warrant from the treasurer, and has succeeded in getting $12.47 of the amount, and, unless restrained, he will get the remainder.

The last warrant referred to is this : "No. 87. The treasurer of the town of Cameron will pay to the order of S. H. Corn, attorney of J. D. Cox, the sum of $313.06 out of any money in the treasury not otherwise appropriated. Given at the clerk's office, 16th of November, 1874 ;" and on the back of this is indorsed, "Paid on the within, February 15th, 1875, $12.47. H. S. Burr, Treas."

Both these warrants are alleged to be illegal, and, if paid, will irreparably injure the financial condition of said corporation, and will defraud the plaintiff and other tax payers.

The above contains the facts alleged in the petition, and the prayer is, that an order be made restraining the defendants, and each of them, from further proceeding to consummate their illegal acts ; that said judgment be set aside, and that the collection of the last warrant be prohibited, etc.

To this petition there was a demurrer, and the grounds of demurrer alleged are, 1st. That no cause of action was stated ; 2d, that there was an adequate remedy at law ; 3d, that the petition sets out a judgment valid and binding, and no sufficient causes are alleged to justify the interposition of equity in setting the judgment aside, and 4th, that the petition shows no sufficient diligence in asserting the alleged rights of the petitioner.

The demurrer was sustained, and the cause is brought to this court by writ of error.

It may now be regarded as settled in this State, however conflicting the decisions here and elsewhere have been, that, to prevent illegal action on the part of municipalities, tending to an increased taxation on their constituents, the State, through its appropriate officer, the Attorney General or circuit attorney, or any tax payer of the municipality, may institute a proceeding for an injunction. This I take to be the result of the two cases of the State vs. Saline Co. Court (51 Mo., 350), and Newmeyer vs. M. & M. R. R. Co. (52 Mo. 81.)

In considering the propriety of an injunction in this case, which is rather peculiar, it must be assumed, that the first warrant issued in 1871 was unauthorized. It was issued, as stated in the petition, to pay for a survey of a railroad, and we have been referred to no provision in the general statutes concerning the incorporation of towns, which authorizes such an appropriation.

It is not pretended, that an assignee of the warrant occupied any better position than the original payee, as these warrants are clearly, under our statute, not regarded as commercial paper or county bonds ; but in this case, the assignee brought suit upon the warrant in 1872. and obtained a judgment. It is not averred that this judgment was obtained by fraud or collusion between the plaintiff and defendant. Had it been so averred, the result would be different. It is averred, that through the negligence of the chairman of the board of trustees, and for the purpose of allowing the plaintiff to get a judgment, no defense was made. Mere negligence, though on the part of a trustee, from whatever motive it may spring, could hardly be claimed of itself to vitiate a judgment and render it totally void. The neglect of an agent or attorney would not discharge the responsibility of the principal from a judgment obtained through such neglect, unless there was a fraudulent combination or collusion, in which the plaintiff in the action participated.

The judgment in favor of Cox being apparently valid, and no appeal taken from it, and the corporation being bound by the judgment, the second warrant issued in 1872 was fully authorized. The prayer of the petition is, that the payment of this second warrant be injoined ; but the facts stated in the petition do not warrant the interposition of a court of equity. The judgment in 1872, being rendered confessedly on due notice, was binding on the corporation, until reversed or annulled or set-aside by some proceeding on the part of the defendant.

The judgment on the demurrer must therefore be affirmed. The other judges concur, except Judge Vories, who is absent.