THE TOWNSHIP OF DIXON v. THE BOARD OF COMMISSIONERS OF SUMNER COUNTY, *et al.*

INJUNCTION; *Railroad Company, When not a Necessary Party.* The railroad company is not a necessary party defendant in an action brought by a municipal township against the board of county commissioners and the county clerk, to perpetually enjoin them as agents of the township from subscribing to the capital stock of the railroad company, and executing bonds of the township in payment therefor, under the pretended authority of a special election held to take the sense of the electors of the township upon the subscription of stock and the issuing of bonds, where the petition alleges the conditions precedent to the power of the county board to call the election and make any subscription were not complied with.

*Error from Sumner District Court.*

INJUNCTION, brought by the *Township of Dixon*, in the county of Sumner, against the *Board of Commissioners* and the county clerk of said county. Trial at the November Term, 1880, of the district court, and judgment for the defendants. The plaintiff brings the case here. The opinion states the facts.

*Quigley & Reed*, for plaintiff in error.

*Willsie & Houghey*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff filed its petition against the defendants to restrain and perpetually enjoin them from sub-scribing for $16,000 of the capital stock of the Southern Kansas & Western railroad company, and also to restrain and perpetually enjoin them from executing to the company any bonds of the township in payment for said stock. A tem-porary injunction was granted by the probate court of Sumner county, and thereafter defendants filed their demurrer to the plaintiff's petition, alleging several causes therefor — among others, that it appeared from the petition that there was a defect of parties defendant to the action in this: that the Southern Kansas & Western railroad company was a neces-sary party defendant, and one without whose joinder with the defendants no final determination of the issues tendered by the petition could be had, and that such petition was defective because the said railroad company was not a party to the ac-tion. The court sustained the demurrer, and dismissed plain-tiff's petition with costs.

Upon what ground the demurrer was sustained, we are not informed, but the main question discussed in the brief of plaintiff, and the only question discussed in the brief of de-fendants, is, the absence of the railway company as a party defendant. It is contended by the defendants, that such com-pany was a party to be affected by the judgment to be ren-dered in the case, and was therefore a necessary party in the action and the non-joinder of the company was to the preju-dice of both the defendants and the company. We may assume, therefore, from the character of the argument before us, that the demurrer was sustained for the reason that the railroad company was deemed a necessary party defendant, and yet was not made such a defendant by the plaintiff. If the ruling was upon this ground, it was erroneous. The election or vote to subscribe for stock did not constitute or form any contract with the railroad company, and as it is clearly alleged in the petition that no subscription had been

made, and that the purpose of the action was to enjoin and to prevent a wrongful and illegal subscription, we do not think the railroad company was a necessary party in the action. Of course the railroad company cannot be affected by any of these proceedings, because the law, before it decides against any party or person, gives an opportunity for such party or person to be heard. (*Land-Grant Railway Co. v. Comm'rs of Davis County*, 6 Kas. 256; *P. & F. R. Rly. Co. v. Comm'rs of Anderson County*, 16 Kas. 302; *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson County*, 12 Kas. 127.)

The case of *The State v. Anderson*, 5 Kas. 90, is not in conflict with the views expressed herein, because the sole question submitted in that case was as to the validity of an act of the legislature granting lands for the construction of certain railroads, and the determination of such question was vitally important to the companies claiming the benefits of the grant. If the act was valid, the several companies received the proceeds of the sale of 500,000 acres; if it was invalid, they lost that much. Before a decision affecting such important matters, the railroad companies were entitled to be heard. Here the action was between the plaintiff and its agents, and as no subscription has been made, the company was not a necessary party in the determination of the issues involved.

The order and judgment of the district court will be reversed, and the case remanded.

All the Justices concurring.