SAMUEL H. GRANNIS v. BOARD OF COUNTY COMMISSIONERS OF BLUE EARTH COUNTY and Others.[1]

| 81 | 55 |
|----|----|
| 84 | 297 |
| 81 | 55 |
| 85 | 90 |

August 1, 1900.

Nos. 12,185—(252).

**Contract—Discovery of Untaxed Property—Ultra Vires.**

Defendant board of county commissioners entered into a contract with one Welman, whereby and by the terms of which Welman undertook and agreed to perform certain services in behalf of the county of Blue Earth, in discovering and bringing to light unassessed and untaxed personal property in such county which had not been taxed for the year 1899 and prior years, in consideration for which services the board of commissioners, by resolution, agreed to pay said Welman a compensation equal to

[1] Reported in 83 N. W. 495.

one-half of all taxes paid into the county treasury as the result of his labors. *Held*, that such contract is ultra vires and void.

## Injunction by Taxpayer.

A taxpayer of the county may maintain an action to restrain and enjoin the performance of such contract by the county officials.

Action in the district court for Blue Earth county to enjoin defendant board of county commissioners and the auditor and treasurer of said county from paying a certain claim to defendants Fleener, Saylor, and Welman. The case was tried before Cray, Buckham and P. E. Brown, JJ., who found in favor of plaintiff. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*H. W. Childs, William F. Hughes, Thomas Hughes* and *Severance & Andrews*, for appellants.

*H. L. Schmitt* and *W. E. Young*, for respondent.

BROWN, J.

This is an action to restrain and enjoin defendants the board of county commissioners of Blue Earth county, and the auditor and treasurer thereof, from allowing or paying a claim asserted against the county in favor of defendants Fleener and Saylor, and from issuing or delivering to them a county order or auditor's warrant therefor. Plaintiff had judgment in the court below, and defendants appeal from an order denying a new trial.

The facts are as follows: In May, 1899, defendant board of county commissioners made and entered into a contract with one Welman, whereby and by the terms of which Welman undertook and agreed to perform certain services in behalf of the county of Blue Earth, in discovering and bringing to light unassessed personal property properly taxable in said county, but which had escaped such taxation during 1899 and prior years, in consideration of which labors and services the board of county commissioners, by resolution, promised and agreed to pay him (said Welman) a compensation equal to one-half of all taxes paid into the county treasury as the result of his labors. The contract was entered into in good faith by both parties, and the defendants sought to be restrained intend to carry the same out, and will do so unless they are restrained.

After the contract had been so made and entered into, Welman assigned the same to defendants Fleener and Saylor, but the assignment was unknown to the commissioners. Pursuant to this contract, Welman and Fleener and Saylor devoted considerable time in the matter of looking up property which had previously escaped taxation, and discovered and reported to the auditor of the county over two million dollars of such property, which was thereafter properly spread on the tax rolls, and upon which property at the time of the commencement of this action the owners thereof had paid into the county treasury the sum of about $15,000.

The court below held the contract absolutely void, and ordered judgment, as we before stated, restraining and enjoining the board of commissioners and the other county officers from further performance thereof, a part payment having been made under the terms of the contract. The validity of the contract is assailed by respondent on several different grounds, but as our conclusion is that the same was beyond the power and authority of the commissioners to make, and consequently ultra vires and void, we will consider no other question.

Each organized county in this state is declared by statute to be a body politic and corporate, and, as such, through its board of county commissioners, empowered to make all contracts and do all other acts in relation to the property and concerns of the county necessary to its corporate powers. The county commissioners have, as agents of the county, general charge and supervision of its affairs, and general control over its finances, and care of its property and rights. It is contended by counsel for appellants that a contract of the nature of the one here under consideration is fairly within the powers of the county, and within the authority of its agents, the county commissioners. They insist that the contract is in no sense illegal or immoral, and is not obnoxious to principles of public policy, and should be sustained. We cannot concur with them,—at least, not in the contention that the contract is within either the express or implied power of the county.

Counties of this state are quasi municipal corporations, and it is elementary that they can exercise only such powers as are expressly granted them by the legislature, or such as are fairly implied as

necessary to the exercise of powers expressly granted. 7 Am. & Eng. Enc. (2d Ed.) 926, and cases cited. And contracts made by them in excess of and beyond such express or implied power are void. Mitchell v. Board of Co. Commrs., 24 Minn. 459. The power of taxation belongs exclusively to the state. And with respect to the levy, assessment, and collection of taxes, counties, as such, or their agents, the board of commissioners, have no authority what-ever. The legislature has provided officers whose duty it is to levy all taxes, officers to cause all property to be properly assessed and placed upon the tax rolls, and officers for the collection of such taxes. The county commissioners, as agents and officers of the county, have no authority or control over any of those officials with respect to the performance of their duties. They act independently of such commissioners, and are responsible to the state for the faith-ful discharge of their duties. It is true that a county is interested and concerned in the matter of the collection of taxes. Its revenues are chiefly derived therefrom, and it is important to it, and to the state as well, that all property properly taxable pay its just share and proportion of the public burdens. But the county is not charged with the duty of seeing to it that all such property is as-sessed and placed upon the tax rolls. Other officials, acting inde-pendently of the county, are charged with the performance of such duties, and they alone are responsible therefor. The matter of un-earthing and discovering property which has escaped taxation is not only not necessary to the exercise of the corporate powers of a coun-ty, but is beyond its express or implied authority. The doctrine of ultra vires is held and applied more strictly to the acts of municipal bodies than to a private corporation. The reason therefor is sug-gested in Newbery v. Fox, 37 Minn. 141, 33 N. W. 333. For these reasons, and many others not necessary to state, we hold the con-tract in question ultra vires and void. See Storey v. Murphy (N. D.) 81 N. W. 23; County v. Gerard, 12 Neb. 244, 11 N. W. 298; 7 Am. & Eng. Enc. (2d Ed.) 942.

There can be no question as to the right of plaintiff to maintain the action. He is a taxpayer of the county, and the funds of the county are threatened to be diverted from the proper channel, and his interests are such as to sustain the action. Rogers v. Le Sueur

Co., 57 Minn. 434, 59 N. W. 488; Flaten v. City of Moorhead, 51 Minn. 518, 53 N. W. 807; Hodgman v. Chicago & St. P. Ry. Co., 20 Minn. 36 (48).    Plaintiff has no remedy by appeal from the action of the commissioners.   Our statutes do not provide for appeals from county commissioners by taxpayers, except when seven or more join in a request therefor to the county attorney.

The purpose of this action is to restrain the officials of the county from carrying out the terms of the contract, by paying Fleener and Saylor the agreed compensation, and the judgment ordered below was no broader.   The question whether Fleener and Saylor are entitled to compensation from the county on quantum meruit is not involved in the issues, and we do not consider it.

Order affirmed.