WILLIAM S. POPPLETON, APPELLEE, V. FRANK E. MOORES ET AL., APPELLANTS.

FILED FEBRUARY 4, 1903.   No. 10,450.

Commissioner's opinion, Department No. 1.

1. Unauthorized Action Under Color of Office: RIGHT OF TAXPAYER TO INJUNCTION IN ABSENCE OF DIRECT LEGAL REMEDY. Wholly unauthorized action under color of office by municipal authorities. which injuriously affects the interest of a taxpayer and water-user of the city, and for which he has no direct remedy at law, warrants an injunction to protect him.

2. Ordinance: WATER-WORKS COMPANY: FRANCHISE. The ordinance conferring upon the Omaha water-works company the franchise of the public streets for maintenance of its plant, provided that after twenty years the city might purchase the entire plant, on an appraisement by engineers, without regard to any value in the franchise. Held, that an amending ordinance whose sole effect was to put off the time when the city might exercise such right to September 1, 1908, was an extension of the franchise, and forbidden by section 19 of the city charter.

3. Time of Accruing Right Not Decided. The time when, under the terms of the existing ordinance, the city's right to purchase accrues, not decided, as it must, in any event, be long before September, 1908.

4. Injunction Heretofore Allowed. The injunction heretofore allowed in this case, held to have reference only to direct attempts to postpone the accruing of the city's right to purchase.

REHEARING of case reported in 62 Nebr., 851.

APPEAL from the district court for Douglas county. Heard below before SCOTT, J. Reaffirmed.

W. J. Connell, for appellants.

Weaver & Giller, contra.

Syllabus by court; catch-words by editor.

*James M. Woolworth, William D. McHugh* and *Richard S. Hall, amici curiæ*

H·STINGS, C.

A rehearing was requested in this case on two grounds. In the first place it was urged that the former opinion herein (62 Nebr., 851), is mistaken in holding that there was need for the intervention of equity to prevent the passage of the ordinance in question; that, as suggested in that opinion, if void it would do no harm, and if valid its passage could not be enjoined. It was claimed that the only ground for injunction was that the proposed action of the council was *"ultra vires,"* and if so, the proposed action would be harmless, and there should be no injunction. It is true that the special and irreparable injury to the complainant is, as was stated in the former opinion, somewhat hard to find, but that question was somewhat carefully considered at that time, and it is believed that the conclusion reached was in accordance with the general doctrines, as to which the authorities do not entirely agree, but which are stated very forcibly in Dillon, Municipal Corporations [4th ed.], sec. 922: "The proper parties may resort to equity, and equity will, in the absence of restrictive legislation, entertain jurisdiction of their suit against municipal corporations and their officers when these are acting *ultra vires,* or assuming or exercising a power over the property of the citizen, or over corporate property or funds, which the law does not confer upon them, and where such acts affect injuriously the property owner or the taxable inhabitant.   *   *   * Much more clearly may this be done when the right of the public officer of the state to interfere is not admitted, or does not exist; and in such case it would seem that a bill might properly be brought in the name of one or more of the taxable inhabitants for themselves and all others similarly situated, and that the court should then regard it in the nature of a public proceeding to test the

validity of the corporate acts sought to be impeached, and deal with and control it accordingly."

The rehearing was granted, however, in view of the earnest claim made on behalf of the city council by the city attorney, and on behalf of the water-works company by its counsel, as amici curiæ, that the proposed action of the council was not an extension of a franchise, and therefore did not come under the inhibition of the last clause of section 19* of the city charter. At the former hearing this point, although raised in the brief, was not pressed, and it seemed to be taken for granted that the object and purpose of the proposed ordinance was, as is charged in plaintiff's bill, "an extension of the franchise heretofore granted for the construction and maintenance of a water-works plant in the city of Omaha." It is now urged that there is no assurance that the city will in any way exercise its option to purchase the water-works plant at or after the expiration of the twenty years provided in the ordinance creating it, and that therefore, at most, the proposed ordinance, whose passage was enjoined, only might have such effect, but would not necessarily, of itself, be an extension. It would seem more in accordance with the truth, and the reasonable view of the acts and intentions of those who constructed the water-works, and passed the ordinance providing for them, that they understood it as an absolute franchise for twenty years, and after that a franchise at will, subject to the city's option to purchase whenever it should choose to exercise it. It seems clear that the effect of this ordinance in question would be to provide an extension of this absolute franchise until September, 1908. If the effect of the ordinance is to produce an extension of an absolute franchise, then its passage is forbidden, without a submission to a vote of the people, and the proposed action of the council is ultra vires. As before suggested, the plaintiff alleges that such was the intention and effect. It must be acknowledged that if it has not that effect, it has none at all.

* Compiled Statutes, ch. 12a, Cobbey's Annotated Statutes, sec. 7468.

Counsel for the city and for the water-works company assert with much energy that the twenty years does not constitute a limit of any franchise, but that it is simply a condition similar in effect and nature to the numerous other conditions which are embodied in the ordinance granting the water-works' franchise—such as, for instance, those relating to the pumping of the water from a point in the river above danger of contamination by the city sewerage, or those providing for the maintenance of a certain head and force of water. Counsel say that these are conditions of the franchise which might effect its termination—conditions whose violation might lead to the forfeiture of it altogether. They say that the provision permitting the city to purchase after twenty years is simply another condition on which the water-works company exercises its franchise after twenty years have lapsed, that the conditions of this franchise are under the control of the council, and that therefore the proposed ordinance is not in violation of section 19 of the charter. It is to be noted, however, that these several conditions refer to and control something quite different from the duration of the franchise; they are not intended to have any relation to its termination, but to its carrying on. While the franchise might be terminated by violation of other conditions, it was never designed that it should be. The plain intention of section 19 of the city charter seems to be that those conditions attached to a franchise which control its extension and termination, shall not be changed in such a manner as to extend this franchise except by popular vote. The proposed action in the enjoined ordinance, to put off the city's right to purchase the water-works plant, and so to withdraw the franchise from its holders, until 1908, was intended to extend an absolute franchise to that extent. It was therefore prohibited by the charter provisions referred to; the proposed action of the council was *ultra vires;* the trial court was warranted in finding that it would injuriously affect the plaintiff as a taxpayer and a water-user. He had no adequate

remedy at law, and he was entitled to have the validity of this proposed corporate act ascertained, and if such action was entirely beyond the power of the council, have it reaffirmed.

Complaint is made because the former opinion asserts an absolute right of purchase in the city on and after June 11, 1900. As between the city and the water-works company, this date is not now in dispute and could not be litigated. To the result of this action, it does not matter whether such right accrued in 1900 or will do so in 1903. It is not in issue here and is not determined, and the former opinion is so far modified.

It is suggested that the injunction, as allowed, ties the hands of the city in all respects in dealing with its water company. The claim is made that as there is no change in the franchise or its conditions that may not affect its duration, this injunction against any change in that respect, forbids any change whatever. It hardly seems that such a contention is seriously made. Because a change alleged by plaintiff and found by the trial court to be intended to operate as an extension of the franchise is enjoined by the court, although it might possibly not have such effect, it does not follow that another change, not intended nor expected to affect the duration of the franchise, would be prohibited because it might possibly have such an effect. Changes in the terms of the franchise not directly affecting its duration are as much in the power of the city council as they ever were.

It is recommended that the former conclusion of this court be adhered to, and the decree of the district court be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the former judgment of this court be adhered to.

FORMER JUDGMENT ADHERED TO.