## W. S. WILLIAMS AND OTHERS v. G. A. KLEMMER AND OTHERS.[1]

March 22, 1929.

No. 27,290.

[1]Reported in 224 N. W. 261.

*Leach & Leach,* for appellants.

*Nelson & Nelson,* for respondents.

Olsen, C.

Appeal by defendants, except James Adair, from a district court judgment.

Plaintiffs, as residents and taxpayers of the city of Owatonna, brought the suit against the individual members of the city council, the mayor, and city clerk of said city, to enjoin them from accepting and using the truck hereinafter mentioned, and from issuing any order, warrant or check in payment therefor by the said city, without proper authority so to do. Injunction was granted.

There is not much dispute as to the facts. The city charter of Owatonna vests in the city council the management and control of the finances and all property of the city, subject to the limitations therein contained. The charter provides:

"All contracts shall be approved by the mayor and signed by him."

"Every contract made in behalf of the city, or to which the city is a party, shall be void unless signed by the mayor, attested by the signature of the city clerk with the seal of said city attached thereto, after the same has been ordered by resolution of the city council by a majority of all the members thereof."

"All ordinances or resolutions shall, before they take effect, be presented to the mayor, and if he approves thereof he shall sign the same."

There follow provisions for repassing ordinances and resolutions over the mayor's veto, not here important. All ordinances and resolutions are required to be passed by majority vote of all members of the council, approved by the mayor and published before they shall take effect.

On July 3, 1928, at a meeting of the city council at which five of the aldermen were present a motion was made that the chairman appoint a committee of three to purchase a truck for the street department, said committee to have full power to act. All members present voted in favor thereof. The chairman (president of the council) appointed the supply committee, consisting of three aldermen, to act as such committee. It does not appear that the matter was presented or brought to the attention of the mayor. The committee made some investigation as to trucks and prices at Owatonna, and on July 9 went to Minneapolis, examined a truck, and

obtained prices thereon from General Motors Truck Company. On July 10 an order for the truck was signed by W. J. Pavek, chairman of the supply committee, and mailed from Owatonna to General Motors Truck Company at Minneapolis. This order is exhibit 3 in the evidence and is signed: "Authorized by Wm. J. Pavek, Supply Committee." The order contains no price or terms but purports to authorize delivery of the truck to the city and directs same to be charged to the city. On July 11 Pavek went to Minneapolis, obtained the truck from the company, and drove it back to Owatonna. He then turned the truck over to the street commissioner for use. A sign was painted on the truck by his direction, reading: "City of Owatonna Street Department." By his direction, application was made by the city clerk for license therefor. Some use was made of the truck by the street department on July 12 and 13. A restraining order was issued and served in this action on July 14, and the use of the truck ceased. An invoice was made out by the seller, showing that the price of the truck and equipment was $1,602.48, and reciting that payment was to be made July 17. This, with the order mentioned, was filed with the city clerk July 28.

That one or more taxpayers may bring suit against municipal officers to enjoin the unauthorized expenditure of public funds, without bringing such suit on behalf of all taxpayers similarly situated, seems well enough established in this state. 3 Dunnell, Minn. Dig. (2 ed.) § 4480; 6 Dunnell, Minn. Dig. (2 ed.) § 9539; Hodgman v. C. & St. P. Ry. Co. 20 Minn. 36 (48); Grannis v. Commrs. of Blue Earth County, 81 Minn. 55, 83 N. W. 495; Hamilton v. Village of Detroit, 85 Minn. 83, 88 N. W. 419; Schiffmann v. City of St. Paul, 88 Minn. 43, 92 N. W. 503. Authorities from other states are not wanting. Semones v. Needles, 137 Iowa, 177, 114 N. W. 904, 14 L.R.A.(N.S.) 1156, 15 Ann. Cas. 1012; State ex rel. Lamb v. Cunningham, 83 Wis. 90, 53 N. W. 35, 17 L. R. A. 145, 35 A. S. R. 27; Davenport v. Buffington (C. C. A.) 97 F. 234, 46 L. R. A. 377; Chestnutwood v. Hood, 68 Ill. 132; Dreyfus v. Boone, 88 Ark. 353, 114 S. W. 718; Matthis v. Town of Cameron, 62 Mo. 504; Poppleton v. Moores, 62 Neb. 851, 88 N. W. 128; Id. 67

48

Neb. 388, 93 N. W. 747; Hoekman v. Iowa Tp. 28 S. D. 206, 132 N. W. 1004; 32 C. J. p. 259, § 408.

The case was fully tried as a taxpayers' suit without any objection to the complaint or as to the parties. If the complaint should have contained an allegation that the suit was brought on behalf of plaintiffs and all other taxpayers of the city, there would appear to be no valid reason why such omission could not have been cured by amendment. It clearly appears that plaintiffs brought suit on the basis of their being residents and taxpayers of the city.

■ The city was not made a party. The judgment does not enjoin the city. Care was taken, in the decree, to leave the city as free to contract as it was before suit was brought. The only relief sought and granted was to enjoin these defendants from acting without authority and thereby imposing upon the taxpayers an unauthorized expense. The municipality is not an indispensable party where there is no attempt to divest it of a right or impose a liability upon it. Hughson v. Crane, 115 Cal. 404, 47 P. 120; Anderson v. Orient F. Ins. Co. 88 Iowa, 579, 55 N. W. 348. The case of Grannis v. Commrs. of Blue Earth County, 81 Minn. 55, 83 N. W. 495, already cited, appears to be in point. The right of a taxpayer to enjoin the members of the county board, the auditor, and treasurer from issuing warrants or paying out money upon a void contract was there sustained. Neither the county nor the contractors were parties. The judgment, going only to the extent stated, was held proper. The question whether the contractors could recover on a quantum meruit was held not involved and not for consideration. We have here the same situation. The fact that the contract there considered was void because ultra vires, while here it is void because not authorized and not entered into by the city, would not seem to distinguish the cases. There appears to be no contract in the present case unless it be one between the truck company and the defendant Pavek personally.

■ Under the same rule, it does not appear that the General Motors Truck Company was an indispensable party defendant.

Upon the record here presented, the truck company had no contract with the city. If it had any rights as against the city it is not deprived of them by this judgment, and we are not concerned therewith. County of Modoc v. Spencer, 103 Cal. 498, 37 P. 483; Carruthers v. Astoria, 72 Or. 505, 143 P. 899, 1106; Maryland Cas. Co. v. Hill, 100 Wash. 289, 170 P. 594; Tp. of Dixon v. Commrs. of Sumner County, 25 Kan. 519; Hoffman v. Commrs. of Gallatin County, 18 Mont. 224, 44 P. 973; Grannis v. Commrs. of Blue Earth County, 81 Minn. 55, 83 N. W. 495.

We have not overlooked the authorities cited by defendants, that in cases similar to this several courts have held that persons or parties with whom contracts are claimed to have been made, or to whom money, the payment of which is to be enjoined, would otherwise be paid, are indispensable parties to the suit. As neither the rights of the city nor the rights of the truck company as against the city are affected by the judgment, they are not indispensable parties. That the court may in such a case grant full and appropriate relief, as against these defendants, to enjoin unauthorized acts on their part, without affecting the rights of others not parties to the suit, sufficiently appears.

■ It is urged that there was a delivery to and acceptance by the city of the truck so as to make it liable. As already indicated, the question of the liability of the city on quantum meruit, or otherwise, is not here involved. All that is here presented is whether these defendants have any authority, as officers of the city, to accept for the city, or issue warrants or orders for the city in payment of, this truck. On the question of the alleged delivery and acceptance of the truck for the city, it may be noted that neither the mayor nor city council has taken any action in reference thereto, except the insufficient motion passed by the council attempting to delegate authority to the supply committee. No valid delivery or acceptance is shown, and the limited use made of the truck by the street commissioner, the application for license, and painting of the sign on the truck by direction of one member of the committee would not appear to be sufficient. Tracy C. T. Co. v. City of Tracy, 143 Minn. 415, 176 N. W. 189.

■ It is suggested that a holding that the city can make no contract without formal resolution of the council and approval and signature of the mayor will hamper the city in the necessary purchase of small items of supplies or minor matters of work and repairs. It is not probable that there will be any difficulty. Modern systems of city business administration would seem to require and be benefited by wise budgeting and foresight on the part of city officers and departments, whereby all their needs are seasonably ascertained and reported to the mayor and council for proper authorization and action. A contract involving the expenditure of $1,600 is not a minor purchase in any event; and the city officials, as well as those seeking to deal with the city, are bound to take notice of and comply with the charter provisions. The council could not delegate the power to make such a contract. Jewell Belting Co. v. Village of Bertha, 91 Minn. 9, 97 N. W. 424.

■ The right to an injunction appears sufficiently clear. The injury is irreparable where threatened acts complained of would result in the unauthorized or unlawful expenditure of a substantial sum of money out of the funds of the city raised by taxation and no other prompt remedy is provided. Equity will not enjoin the payment of a just claim. But these defendants have no claim against the city. The only things enjoined are unauthorized acts contemplated by them. Equity will enjoin unauthorized acts of city officials where such acts will result in unauthorized or unlawful expenditure or diversion of public funds.

■ The rule that, where a city receives and uses supplies or property so that they are consumed or cannot be restored, the city may be held liable for the reasonable value thereof, should not be extended. Otherwise it might furnish a convenient method of evading all charter provisions in many cases. The city officials are not the only ones who may object. Where, as here, prompt objection is made by taxpayers before there has been any material use and no action has been taken in reference thereto except by one or two officials who had no authority to bind the city, the rule does not apply.

Judgment affirmed.