THOMAS J. CATON v. BOARD OF EDUCATION OF CITY OF MINNEAPOLIS AND OTHERS.[1]

October 30, 1942.

No. 33,189.

[1]Reported in 6 N. W. (2d) 266.

166

*Harry S. Swensen,* for appellant.

*R. S. Wiggin,* City Attorney, and *Charles A. Sawyer,* Assistant City Attorney, for respondents.

JULIUS J. OLSON, JUSTICE.

This was a suit to enjoin and restrain the defendant Board of Education "from teaching in the Minneapolis Public Schools in classes beginning September, 1940, and for a period of five years, any system of shorthand other than Caton's Scientific Shorthand System and from purchasing, using or distributing to the students during said period any shorthand text books embodying a system of shorthand other than Caton's Scientific Shorthand system." After adverse findings and resulting judgment, plaintiff appeals. He made no motion for amended findings or a new trial.

Plaintiff's complaint is founded upon alleged contractual rights said to have been created by virtue of a resolution of the defendant board under date of September 5, 1939. That resolution, as far as here material, provides:

"RESOLVED that the Board of Education of the City of Minneapolis do hereby approve of and adopt as the exclusive system of shorthand to be taught in the Minneapolis Public Schools, the Caton Scientific Shorthand System," and that this "System shall be exclusive of any other courses of shorthand in the Minneapolis Public Schools for a period of at least five (5) years hereafter."

In his brief plaintiff says that this resolution "constituted a binding contract which thereafter could not be lawfully rescinded, changed, modified or reconsidered." Defendants say, and the court so found, that the resolution later was reconsidered and rescinded.

As bearing upon the finding of the court with respect to reconsideration and rescission, it is interesting to note that when the so-called resolution was passed the seven members of the board were divided in this fashion: Three were for the adoption of the resolution and three opposed. It was passed, if at all, by reason of Mr. Bessesen's vote, which is thus recorded in the records of the board, "Bessesen voted Aye 'with the understanding that it shall take effect as soon as the present Gregg book adoption expires, in any event, not before the beginning of the second semester in the latter part of January, 1940.' "

With regard to plaintiff's first contention, that he has contractual rights, it is sufficient to point out that no contract was ever entered into on the strength of the resolution, or otherwise. We can see no more in the resolution than a statement of policy on the part of the board. This being so, then, obviously, it could be reconsidered or rescinded, if deemed advisable by the board, unless, while in force, contractual rights had been created. Here there were none. We therefore think that, on the face of the resolution, plaintiff's complaint fails to state a cause of action insofar as contractual rights or obligations are concerned. "Ordinarily, where no rights of third parties have attached, as is the case here, a municipal corporation has the power to reconsider or rescind any action previously taken." Frost v. Hoar, 85 N. H. 442, 160 A. 51, 52.

■ The next argument for plaintiff is that as a resident and taxpayer of the school district he has a right to be heard and that the suit may be maintained by him in that capacity. On this phase we are met at the outset with the question whether, absent, as here, any showing of expenditure of public funds or the incurring of obligations adversely affecting plaintiff as an individual, distinct from the general public, he may maintain a suit for injunctive relief. The applicable rule is that:

"Public wrongs or neglect or breach of public duty cannot be redressed at a suit in the name of an individual or individuals whose interest in the right asserted does not differ from that of the public generally, or who suffers injury in common with the public generally, even, it seems, though his loss be greater in degree, unless such right of action is given by statute." 39 Am. Jur., Parties, p. 863, § 11.

And it is thus stated in 1 C. J. S., Actions, § 29a, p. 1073:

"A private individual cannot maintain an action to enforce a right or redress a wrong of a public nature, unless he has sustained some injury which is special and peculiar to himself." Supporting cases are found under notes 35 and 36.

On this phase the following cases, among others, are helpful: Nixon v. School District, 32 Kan. 510, 4 P. 1017; Lindblad v. Board of Education, 122 Ill. App. 617, 623; Purcell v. Woodward, 75 Ind. App. 380, 130 N. E. 660; Harnett v. Edmonston, 44 Ohio App. 304, 185 N. E. 426; Brown v. Baldwin, 112 Va. 536, 72 S. E. 143; Greer v. Austin, 40 Okl. 113, 136 P. 590; Arrington v. Jones (Tex. Civ. App.) 191 S. W. 361. *Cf.* Jensen v. Independent Con. School Dist. 160 Minn. 233, 237, 238, 199 N. W. 911, 913, 914[5].

■ This is not a representative suit, and since there was no showing made of loss, damage, or increase of burdens to anyone, we find no hook upon which plaintiff can hang a cause of action.

Judgment affirmed.