## PETER A. CRANAK AND OTHERS v. GEORGE M. LINK AND OTHERS.[1]

December 29, 1944.

No. 33,770.

[1]Reported in 17 N. W. (2d) 359.

*John A. Goldie* and *Samuel I. Sigal,* for appellants.
*Herbert T. Park,* for respondent George M. Link.
*R. S. Wiggin,* City Attorney, and *John F. Bonner,* Assistant City Attorney, for respondents other than George M. Link.

THOMAS GALLAGHER, JUSTICE.

This is a representative suit to annul a contract and enjoin its performance, brought in the district court of Hennepin county. At the trial, defendants objected to the introduction of any evidence on the grounds that the complaint failed to state a cause of action and that plaintiffs lacked capacity to institute the action. The objection was sustained at the time, and subsequently an order of dismissal was made. Plaintiffs appeal from the judgment of dismissal.

An order for dismissal on the ground that the complaint does not state a cause of action requires that every reasonable intendment be indulged in to favor the sufficiency of the complaint and that all allegations thereof, including those denied by the defend-

ants, be accepted as true for the purposes of the motion. Tergeon v. Johnson, 165 Minn. 482, 205 N. W. 888; Mannheimer v. Phinney, 167 Minn. 279, 209 N. W. 7; 5 Dunnell, Dig. & Supp. §§ 7693, 7694. With this rule in mind, an examination of the complaint indicates that the following allegations must be assumed as true:

(1) That the board of estimate and taxation on behalf of the city of Minneapolis has exercised the power granted it under Chapter XV, Section 1, of the charter of the city of Minneapolis in creating the position in the classified civil service known and designated as "Secretary of the Board of Estimate and Taxation" and that the position so classified is governed by the rules and requirements relative to civil service fixed by Chapter XIX of said charter.

(2) That thereunder a vacancy in such position must be filled from an eligible list created by a competitive examination, unless such examination was waived as otherwise provided in the aforesaid charter.

(3) That George M. Link, who formerly held the position of secretary of said board, was retired on February 15, 1942, by reason of his age, as required by the laws of the state of Minnesota relating to the municipal pension and retirement fund of Minneapolis; that such retirement was compulsory and that by reason of his age said George M. Link was thereafter ineligible for a position in the classified service.

(4) That his retirement as secretary created a vacancy in said position, but that instead of filling the same as required by the charter, the board, contrary to the terms thereof, on January 14, 1942, adopted a resolution wherein it was determined that the duties of said secretary were to be performed thereafter by a "technical consultant" appointed by the board without examination, pursuant to a written contract extending for one year from February 15, 1942, and thereafter until canceled by 30 days' written notice; that pursuant thereto said George M. Link was hired as said "technical consultant" to perform the work which had previously been performed by him as secretary for said board.

(5) That notwithstanding the fact that said position of secretary was vacant, contrary to the requirements of said charter the aforesaid board did not fill said position, but since the retirement of said George M. Link has permitted it to remain vacant and allowed said George M. Link as "technical consultant" outside of the classified civil service to perform the duties previously performed by him as such secretary.

As indicated, defendants' motion to dismiss was based upon the grounds (1) that the complaint failed to state a cause of action; (2) that plaintiffs did not have legal capacity to sue, as the complaint failed to show that they had suffered any special damages or injuries other than those suffered by the general public. In addition, defendants objected to the reception of any evidence because the city of Minneapolis had not been made a party defendant.

In its memorandum attached to the order of dismissal, the trial court indicated that the order was based upon the ground that plaintiffs did not have capacity to bring suit herein.

■ Under the provisions of the Minnesota statutes as interpreted by this court, it is clear that plaintiffs had the right to institute these proceedings. Minn. St. 1941, § 540.02 (Mason St. 1927, § 9165), provides:

"Except when otherwise expressly provided by law, every action shall be prosecuted in the name of the real party in interest; but this section shall not authorize the assignment of a thing in action not arising out of contract; *provided, that when the question is one of common or general interest to many persons, or when those who might be made parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."* (Italics supplied.)

Plaintiffs' prayer for relief includes a prayer for judgment restraining defendants from (1) certifying or approving any payroll or account for the payment of any compensation whatsoever to the said George M. Link; (2) countersigning any warrant or·check therefor; and (3) disbursing or paying any funds of the city of

Minneapolis or of the said board, in any manner whatsoever, either directly or indirectly, to said defendant George M. Link, and in effect determining that said contract with Link was null and void.

In Oehler v. City of St. Paul, 174 Minn. 410, 417, 219 N. W. 760, 763, this court stated:

"There is here specific authority for an action by a taxpayer such as has been here instituted. *Without the charter provisions, it is well settled that a taxpayer may, when the situation warrants, maintain an action to restrain unlawful disbursements of public moneys;* to recover for the use of the public subdivision entitled thereto money that has been illegally disbursed, as well as to restrain illegal action on the part of public officials." (Italics supplied.)

In Williams v. Klemmer, 177 Minn. 44, 47, 224 N. W. 261, 262, where this principle was again approved and authorities quoted at length, we stated:

*"That one or more taxpayers may bring suit against municipal officers to enjoin the unauthorized expenditure of public funds, without bringing such suit on behalf of all taxpayers similarly situated, seems well enough established in this state..* 3 Dunnell, Minn. Dig. (2 ed.) § 4480; 6 Dunnell, Minn. Dig. (2 ed.) § 9539; Hodgman v. C. & St. P. Ry. Co. 20 Minn. 36 (48); Grannis v. Commrs. of Blue Earth County, 81 Minn. 55, 83 N. W. 495; Hamilton v. Village of Detroit, 85 Minn. 83, 88 N. W. 419; Schiffmann v. City of St. Paul, 88 Minn. 43, 92 N. W. 503. Authorities from other states are not wanting. Semones v. Needles, 137 Iowa, 177, 114 N. W. 904, 14 L.R.A.(N.S.) 1156, 15 Ann. Cas. 1012; State ex rel. Lamb v. Cunningham, 83 Wis. 90, 53 N. W. 35, 17 L. R. A. 145, 35 A. S. R. 27; Davenport v. Buffington (C. C. A.) 97 F. 234, 46 L. R. A. 377; Chestnutwood v. Hood, 68 Ill. 132; Dreyfus v. Boone, 88 Ark. 353, 114 S. W. 718; Matthis v. Town of Cameron, 62 Mo. 504; Poppleton v. Moores, 62 Neb. 851, 88 N. W. 128; Id. 67 Neb. 388, 93 N. W. 747; Hoekman v. Iowa Tp. 28 S. D. 206, 132 N. W. 1004; 32 C. J. p. 259, § 408." (Italics supplied.)

The general principles covering the right of a taxpayer to institute suits of this nature are set forth in 4 Dunnell, Dig. § Supp. § 6848. Therein it is stated:

"If the proper municipal officers fail to act, a taxpayer may maintain an action to prevent the unlawful disposition of municipal funds; or to recover funds unlawfully paid out; or to enforce a claim of the municipality; or to prevent an unlawful use of municipal property; or to prevent the unlawful creation of municipal debts. * * * A taxpayer has no right to bring such an action in behalf of a city unless he has requested the proper officers to bring it and they have refused, or unless it appears that it would be futile to make such request. Such a request is unnecessary where it is charged that the mayor and councilmen have appropriated public funds for unauthorized purposes and the action is brought against such officers and the sureties on their bonds to compel restitution of the money illegally appropriated. * * * The motives of the taxpayer are immaterial."

See, also, Rockne v. Olson, 191 Minn. 310, 254 N. W. 5; Behrens v. City of Minneapolis, 199 Minn. 363, 271 N. W. 814; Regan v. Babcock, 188 Minn. 192, 247 N. W. 12.

The case of Caton v. Board of Education, 213 Minn. 165, 167, 168, 6 N. W. (2d) 266, 268, relied upon by defendants, may be distinguished from the instant case. There (1) no expenditure of public funds was involved, and (2) no enforceable contract upon which plaintiff might base his action *either* in an individual or representative capacity was established. Thus it was stated therein:

"* * * We therefore think that * * * plaintiff's complaint fails to state a cause of action insofar as contractual rights or obligations are concerned. * * *

* * * * *

"This is not a representative suit, and since there was no showing made of loss, damage, or increase of burdens to anyone, we find no hook upon which plaintiff can hang a cause of action."

Here, the complaint alleges:

"That plaintiffs * * * are taxpayers * * * residents and voters * * * and each of them bring this action on behalf of themselves as taxpayers, residents, and voters, and on behalf of all other taxpayers, residents and voters of said city. That * * * all the plaintiffs except the plaintiff Hagland were and are employees of the City of Minneapolis and are within the classified civil service thereof * * * and are members of the Minneapolis Municipal Pension Retirement System" and "have the duty to protect the rights of all said employees * * * under the Home Rule Charter"; that they have a *special interest* in the subject matter of the action apart from and in addition to their interests as *general taxpayers.*

Upon such allegations, plus those relative to the violation of the civil service regulations of the city charter, it seems clear they have established their right to institute this action in a representative capacity.

■ Defendants further contend the city of Minneapolis should have been designated or joined as a party defendant. This point was not ruled upon by the trial court or made the basis of its order. Williams v. Klemmer, 177 Minn. 44, 224 N. W. 261, throws some light on this question.

In the instant case, plaintiffs have not sought relief against the city, but, on the contrary, generally speaking, have limited their prayer for an order annulling the alleged unlawful contract with defendant Link, restraining the individual defendants from expending or receiving municipal funds thereunder, and requiring them to comply with the terms and provisions of the Minneapolis city charter.

Section 540.16, subd. 1 (§ 9181), sets forth the method of bringing in additional parties who are necessary for the full determination of an action. In the interests of expediency, should it be deemed that the city of Minneapolis is a necessary party defendant, the statutory procedure outlined in that section may readily

be resorted to to supply any deficiency in this respect. 5 Dunnell, Dig. & Supp. § 7329, and cases cited.

■ Chapter XV, Section 1, of the charter of the city of Minneapolis, provides:

"* * * The Board, subject to the provisions of the Civil Service Chapter of this Charter, shall have power to appoint a Secretary and such other employes as it may deem necessary and shall fix their salaries and determine their duties. * * *"

The complaint alleged that said board exercised its power to appoint a secretary and that thereafter such position became a classified civil service position under the Minneapolis charter. Defendants assert that the above provision merely granted the board power to appoint a secretary, but did not make it obligatory upon it to do so, and that therefore the charter has not been violated by failure to fill the present vacancy in said position. However, Chapter XV, Section 3, of the charter, in defining the powers and duties of the board in connection with the levying of taxes upon the property of the city, provides that the proceeds of such levy are required to be transmitted to the city treasurer "to be placed in the Board of Estimate and Taxation fund," and that "Warrants on such funds shall be drawn by the president and *secretary* of the Board and countersigned by the City Comptroller." (Italics supplied.)

Consideration of this language in conjunction with Chapter XV, Section 1, indicates that it is obligatory upon the board to appoint a secretary if warrants on its funds are to be valid and binding. The language requiring that the secretary sign such warrants is mandatory and not discretionary, and necessarily implies that there be a secretary for this purpose.

Chapter XIX, Section 4, of said charter further provides that the "classified service" shall embrace the entire service of the city except certain designated officers and employes not involved here. Since the entire service of the city, by said section, is placed within the classified service, it would seem conclusive that if defendant George M. Link is now performing the duties of secretary, as alleged

120

in the complaint, he holds a position in the classified service for which he is ineligible under Chapter XV, Section 1, Chapter XV, Section 3, and Chapter XIX, Section 4.

■ Defendants contend that, even if it were obligatory for the board to employ a secretary pursuant to the civil service regulations, it also had the right under Chapter XV, Section 8, of the charter to employ additional assistance outside of the civil service regulations, and that in employing Link for the reasons outlined it merely did so in compliance with said section. Chapter XV, Section 8, provides:

"For the purposes of this Chapter the Board of Estimate and Taxation shall employ such assistance as it may deem necessary. from time to time * * *."

Without determining whether the board under this section might employ an individual no longer eligible for employment otherwise, for any purpose, in the instant case, since it is alleged that said George M. Link was employed to perform the duties previously performed by him as secretary, it would seem that the board was without authority under said Chapter XV, Section 8, so to act. To hold otherwise would be to permit evasion of the civil service regulations by authorizing employment of persons ineligible thereunder through the device of merely changing the title of any position previously in the classified service and filling the same under said Chapter XV, Section 8, as was here attempted.

Chapter XIX, Section 7, of the charter provides:

"The commission shall, from time to time, make, amend, alter and change rules, to promote efficiency in the city service and to carry out the purposes of this chapter. The rules shall provide, among other things, for:

"a. The classification of all offices, positions and employments in the classified service.

"b. Public competitive examinations to test the relative fitness of applicants.

* * * * *

"d. The creation of lists of eligible candidates after successful examination, in the order of their standing in the examination, * * *.

         *    *    *    *    *

"f. The certification of the name standing highest on the appropriate list to fill any vacancy.

         *    *    *    *    *

"i. Promotion based on competitive examination and upon records of efficiency, character, conduct and seniority. Promotion shall be deemed, among other things, to include increase in salary, and the rules shall be framed to encourage the filling of vacancies by promotion rather than otherwise."

Section 16 of said Chapter XIX provides:

"In case of a vacancy in a position requiring peculiar and exceptional qualifications of a scientific, professional or expert character, the commission, upon satisfactory evidence that competition is impracticable, and that the position can best be filled by the selection of some person of recognized attainments, without examination, * * * may suspend competition; * * *."

It is undisputed that with reference to the position of secretary none of the foregoing requirements have been met by the board to date.

This case is similar in some respects to State ex rel. Tamminen v. City of Eveleth, 189 Minn. 229, 234, 249 N. W. 184, 186, 99 A. L. R. 289. There, the plaintiff, entitled to veterans preference, brought *mandamus* to compel the city of Eveleth, which operated under a home-rule charter, to reinstate him in the position of deputy clerk, from which he had been unlawfully discharged. The city council had subsequently employed one Brandt to do the work of deputy clerk under the title of "bookkeeper." Upon appeal, this court stated:

"The court's findings that Axel Brandt was appointed to do substantially the same work in the city clerk's office as had theretofore been done by plaintiff, and that the three members of the council

who voted to discharge plaintiff and appoint Brandt to do the work in the city clerk's office did so for political or personal reasons, or both, are sustained by the evidence.

"* * * The same work remained to be done in that office after January 5, 1932, as before that date. Plaintiff had, as against Brandt, a preference right to be employed to do that work. As said by the court in its memorandum: 'The law does not countenance the ousting of a soldier from an office by abolishing the name of the office just to get rid of a soldier.'"

Under the circumstances here present and by virtue of the civil service regulations referred to and the authorities considered, we are of the opinion that the complaint states a cause of action and that the board of estimate and taxation, if the allegations are proved, is at fault in not complying with said civil service regulations in filling the position of secretary and in attempting to employ defendant Link to perform the services of secretary under another title after he became ineligible to serve as such.

Reversed with directions that if the trial court deems the city of Minneapolis a necessary party defendant to these proceedings it make its order to such effect.