# ROBERT M. GREEN AND OTHERS v. INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NO. 1, LYON COUNTY, AND OTHERS.

98 N. W. (2d) 86.

July 10, 1959—No. 37,684.

*Gordon Paterson,* for appellants.
*Glenn Catlin* and *Meehl, Catlin & Wiltrout,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Appeal by Robert M. Green, Elmer Ferguson, and Jerome A. Mercie, resident taxpayers, from a summary judgment of the District Court of Lyon County in favor of defendants, Independent Consolidated School District No. 1 of Lyon County, the superintendent of such district, and the individual members of the school board thereof. It is contended that the trial court erred in granting summary judgment because of the existence of a genuine issue of fact.

On January 23, 1957, at a special election the voters of Lyon County authorized the board of Independent Consolidated School District No. 1 to issue $275,000 of general obligation bonds and to expend not to exceed $3,500 of funds on hand for the purchase of a school site adjoining the present school site. That election was contested by persons other than the present plaintiffs, but the validity thereof was sustained by this court in Green v. Independent Consol. School Dist. No. 1, 252 Minn. 36, 89 N. W. (2d) 12.

Plaintiffs subsequently brought this action (1) to have the elec-

tion declared void; (2) to enjoin defendants from issuing or selling the bonds authorized thereby; (3) to enjoin defendants from calling another election for a proposed sale of any negotiable bonds without the prior approval of the State Department of Education; (4) to enjoin defendants from illegally and improperly expending school district funds for improper purposes; and (5) for various accountings and other equitable relief. The complaint contained 18 allegations of which the defendants admitted the first 7 and denied the remainder.

Defendants thereafter moved for summary judgment and to dismiss the action. Upon the affidavit and pleadings, the district court record in the prior litigation (Green v. Independent Consol. School Dist. No. 1, *supra*), and the oral argument and written briefs, the trial court granted summary judgment. It certified that the record in Green v. Independent Consol. School Dist. No. 1, *supra,* was considered on defendants' motion for summary judgment and to dismiss the action. It is the position of plaintiffs that the defendants' denial of numerous allegations in the complaint raised genuine issues of material facts not otherwise settled, and that therefore the trial court erred in granting summary judgment.

■ Rule 56.02 of Rules of Civil Procedure provides:

"A party against whom a claim * * * is asserted * * * may * * * move with or without supporting affidavits for a summary judgment in his favor * * *."

And Rule 56.03 provides:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ We are of the opinion that all issues raised by the pleadings herein relative to the validity of the challenged election are concluded by the decision of this court in Green v. Independent Consol. School Dist. No. 1, *supra.* As was said in Ahlquist v. Commonwealth Elec. Co. 194 Minn. 598, 602, 261 N. W. 452, 454:

"* * * plaintiff *Ahlquist* is concluded by the judgment in the elec-

tion contest, and all matters that were litigated or could have been litigated under the issues presented by the paragraphs upon which the election contest was predicated are *res judicata.* The question is whether the plaintiff *Eastern Minnesota Power Corporation,* a taxpayer of the village, is also concluded by the election contest judgment. We think it is. In the nature of things there cannot be successive contests as to the legality of a municipal election. If one voter contests, the contest must be considered as brought in behalf of all interested therein, so that once the election is adjudged valid and legal no voter or taxpayer in the municipality may again question the result." (Italics supplied.)

Likewise, in Driscoll v. County of Ramsey, 161 Minn. 494, 502, 201 N. W. 945, 948, we stated:

"* * * former adjudication is conclusive, not only as to questions actually and formally litigated, but * * * as to all questions within the issue, whether formally litigated or not. * * * In fact the principle of former adjudication reaches further. It extends not only to the questions of fact and of law which were decided, but also to the grounds of recovery or defense which might have been but were not presented."

The principles thus expressed are applicable here and support the determination of the trial court as to all issues relative to the election.

■ Aside from allegations relating to the validity of the challenged election, paragraph 15 of the complaint contains allegations that certain of the defendants who are members of the school board are guilty of unlawful conduct in the unlawful expenditure of public funds. The prayer for relief seeks an order enjoining these defendants from expending school district funds unlawfully and from otherwise acting contrary to statutory provisions in the conduct of the business of the school district. In their joint answer such allegations have been denied by these defendants. The summary judgment determined the issues described in favor of these defendants, although on the motion no evidence was presented in connection therewith. Plaintiffs contend that in the absence of such evidence they are entitled to have such issues heard and determined in regular trial proceedings. Defendants contend that plaintiffs are without capacity to institute an action of this kind in their individual names.

■ M. S. A. 126.02 provides that "An action may be brought against any school district * * * for an injury to the rights of the plaintiff arising from some act or omission of such board * * *." Rule 23.01 provides that:

"If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, * * *."

In considering the right of an individual to bring suit against a school board, in Caton v. Board of Education, 213 Minn. 165, 6 N. W. (2d) 266, this court held that, in the absence of a showing that the expenditure of public funds was involved; or that the school board was unlawfully incurring obligations which adversely affected the plaintiff as an individual distinct from the general public, plaintiff could not maintain an action against the board to redress a wrong which affected the public generally. There we stated with approval the rule expressed in 1 C. J. S., Actions, § 29a (213 Minn. 168, 6 N. W. [2d] 268) as follows:

"A private individual cannot maintain an action to enforce a right or redress a wrong of a public nature, unless he has sustained some injury which is special and peculiar to himself."

It is clear from the foregoing that under our decisions suits against a school board to redress wrongs which do not involve the expenditure of public funds or a special injury to plaintiff must be brought in a representative capacity on behalf of the group affected.

■ We have held in a number of decisions that where the unlawful expenditure of public funds is involved in an action of this kind an individual taxpayer may properly appear as party plaintiff to restrain such expenditures and that the suit need not be brought in a representative capacity. Thus, in Williams v. Klemmer, 177 Minn. 44, 47, 224 N. W. 261, 262, this court stated:

"That one or more taxpayers may bring suit against municipal officers to enjoin the unauthorized expenditure of public funds, without bringing such suit on behalf of all taxpayers similarly situated, seems well enough established in this state. 3 Dunnell, Minn. Dig. (2 ed.)

§ 4480; 6 Dunnell, Minn. Dig. (2 ed.) § 9539; Hodgman v. C. & St. P. Ry. Co. 20 Minn. 36 (48); Grannis v. Commrs. of Blue Earth County, 81 Minn. 55, 83 N. W. 495; Hamilton v. Village of Detroit, 85 Minn. 83, 88 N. W. 419; Schiffmann v. City of St. Paul, 88 Minn. 43, 92 N. W. 503."

See, also, Cranak v. Link, 219 Minn. 112, 17 N. W. (2d) 359.

In the instant case, plaintiffs do not bring this action in a representative capacity. The complaint alleges that it is brought on their own behalf and for their benefit and protection as residents, taxpayers, and voters. It would follow that only the issues relative to the unlawful expenditure of public funds (not relating to any funds derived from the challenged election or bond issue) remain to be determined in this action. They are found in subdivisions (g), (h), (k), (1), and (m) of paragraph 15 of the complaint, and plaintiffs are entitled to have them determined in this action unless on motion for summary judgment evidence is submitted which would establish conclusively the falsity of such allegations. The trial and determination of such issues can have no bearing on the claims relative to the election and the bond issue arising therefrom or to the expenditure of the proceeds of the sale of such bonds or other school district funds for the purposes approved by this court. All issues relative thereto have been finally determined by this court in its prior decision above cited.

The judgment appealed from is affirmed in all respects in so far as it relates to the election, the issuance and sale of bonds in connection therewith, and the expenditure of the proceeds thereof as approved in prior decisions of this court; and as to all matters relating to the conduct of the defendants in connection therewith. The cause is remanded for determination of the additional issues described in this opinion with specific instructions that trial and determination of such issues shall in no way affect the authority of the board to proceed with the school land acquisition and building projects for which the issuance of school bonds was authorized.